[No. F013021. Fifth Dist. Jan. 16, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
BASILIO HERNANDEZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, II, IV, and V.

**COUNSEL**

Janice Wellborn, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Jane N. Kirkland and Jane L. Lamborn, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**VARTABEDIAN, J.**—Defendant, Basilio Hernandez, pleaded nolo contendere to two counts of sending a false bomb (Pen. Code, § 148.1, subd. (d)) and one count of filing a false report with the fire department of the planting of a bomb (Pen. Code, § 148.1, subd. (a)).[1] He was granted probation for a three-year term and ordered to spend one hundred eighty days in county jail. Defendant and his codefendant were ordered to make restitution to the victim in the amount of $4,000, with each defendant being jointly and severally liable for the restitution. In addition, a $10,000 fine was imposed plus a penalty assessment of $9,000. Defendant appeals, challenging the order of restitution and the fine.

### FACTS

The crimes here arose from a child custody battle. Although the details are not particularly pertinent, a brief statement of facts is in order.

---

[1] All future code references are to the Penal Code unless otherwise noted.

Sixteen-year-old Patricia L. gave birth to Ashley. Bob D. was the father of the child. Patricia agreed to give the child up for adoption to Margaret D. Codefendant Anthony Catalfino was a close friend of Margaret's. When Bob D. discovered Ashley was being given up for adoption, he sought custody. He and his mother, Louise D., succeeded in obtaining an order of physical custody.

Shortly thereafter, Louise D. received at the post office an envelope addressed to her. It contained a false bomb and a note written in Spanish to the effect of: "See how easily we could have gotten you." Less than two months later another false bomb was found in the parking lot of a motel owned by Louise D. The writing on the bomb was in Spanish, meaning "last warning." One month later a call was made to the fire department by a person who stated a bomb was going to go off at Louise D.'s motel and blow up the whole family.

When defendant was arrested he had a note in his pocket which stated, "Listen up—your competitor up the river is going up in dust in about 30 minutes, so you'd better protect your ears." The note was written by Catalfino and had defendant's fingerprints on it.

DISCUSSION

I., II.*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

III.  *Is the imposition of joint and several liability on the probationary condition ordering restitution unauthorized by law?*

■    Defendant contends the order of joint and several liability as part of the probation condition ordering restitution to the victim in the amount of $4,000 is unauthorized by law, unfair and unnecessary. Defendant argues that the order is unfair because he may have to pay more than his $2,000 share of culpability and is at risk of imprisonment if his codefendant fails to pay his portion of the restitution.

Although the People argue that defendant has waived this contention by failing to object, the challenge here is to the validity of the condition and requires no objection. (*In re Bushman* (1970) 1 Cal.3d 767, 776 [83 Cal.Rptr. 375, 463 P.2d 727].)

─────────────
* See footnote, *ante*, page 1374.

Section 1203.1 authorizes the trial court to impose reasonable conditions of probation. It provides in part:

"The court may impose and require any or all of the above-mentioned terms of imprisonment, fine, and conditions, and other reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer, . . . ."

■ "Trial courts are granted broad discretion under Penal Code section 1203.1 to prescribe conditions of probation. [Citation.] However, this discretion is not boundless; the authority is wholly statutory, and the statute furnishes and limits the measure of authority which the court may exercise." (*People* v. *Cervantes* (1984) 154 Cal.App.3d 353, 356 [201 Cal.Rptr. 187].)

"A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .'" (*People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].)

■ Defendant's argument that he may be imprisoned if his codefendant fails to pay his share falls short. Probation revocation in the future would necessarily require a finding that defendant willfully failed to perform to the extent he was able:

"[P]robation may not be revoked for failure to make restitution 'unless the court determines that the defendant has willfully failed to pay and has the ability to pay.' (Pen. Code, § 1203.2, subd. (a).) ■ This provision of Penal Code section 1203.2, subdivision (a), not only protects someone whose ability to pay was not considered at the time restitution was made a condition of probation, but a person who had the ability to pay at the time the condition was imposed but due to factors beyond his or her control is at some later time unable to comply with the condition of probation that he make restitution. Thus, although a condition of probation may be imposed that the defendant make restitution without an express finding of ability to pay, probation may not be revoked without such a finding. The period of probation may not be extended for failure to make full restitution to the victim unless said failure is willful and the defendant has the ability to pay." (*People* v. *Ryan* (1988) 203 Cal.App.3d 189, 199 [249 Cal.Rptr. 750].)

■ "The major goal of section 1203.1 is to rehabilitate the criminal. Restitution imposed in a proper case and in an appropriate manner may

serve the salutary purpose of making a criminal understand that he has harmed not merely society in the abstract but also individual human beings, and that he has a responsibility to make them whole." (*People* v. *Richards* (1976) 17 Cal.3d 614, 620 [131 Cal.Rptr. 537, 552 P.2d 97].)

■ While making both defendant and Catalfino subject to a probation requirement to pay the full amount ordered, regardless of whether the other party pays anything, improves the prospect of the victim being made "whole," the validity of the condition depends on a further analysis. We know of no published case which has determined the validity of joint and several liability conditions. In *People* v. *Blankenship* (1989) 213 Cal.App.3d 992 [262 Cal.Rptr. 141], the defendants were ordered to pay restitution to the victim and were made jointly and severally liable. (*Id.* at p. 994.) The defendants on appeal did not challenge this aspect of the restitution order. The only other mention of the joint and several liability aspect was in a footnote which stated that, although only one defendant challenged the restitution order, "the joint and several order should be corrected for both appellants." (*Id.* at p. 1000, fn. 14.) Because the appellate court was not called upon to determine the validity of the joint and several liability condition, the case has no bearing on the issue here. Faced with this issue of first impression, we determine that joint and several liability has two fatal flaws.

First, requiring joint and several performance attempts to address civil liability, yet deprives a defendant of civil litigation due process.

"Disposing of civil liability cannot be a function of restitution in a criminal case. To begin with, the criminal justice system is essentially incapable of determining that a defendant is in fact civilly liable, and if so, to what extent. A judge may infer from a jury verdict of guilt in a theft case that a defendant is liable to the crime victim. But a trial court cannot properly conclude that the defendant owes money to a third party for other unproved or disproved crimes or conduct. A party sued civilly has important due process rights, including appropriate pleadings, discovery, and a right to a trial by jury on the specific issues of liability and damages. The judge in the criminal trial should not be permitted to emasculate those rights by simply declaring his belief that the defendant owes a sum of money." (*People* v. *Richards*, *supra*, 17 Cal.3d 614, 620; see also *People* v. *Goulart* (1990) 224 Cal.App.3d 71 [273 Cal.Rptr. 477].)

The imposition of restitution must serve a valid rehabilitative purpose and not merely address civil liability. The fact that the court resorted to purely civil language in imposing the restitution condition strongly suggests that the trial court was invading the forbidden area of determining civil

liability. (See *People* v. *Lafantasie* (1986) 178 Cal.App.3d 758, 762 [224 Cal.Rptr. 13].)

The rehabilitative purpose of restitution, argued with some validity by the People, is clouded when the fulfillment of the condition depends on the actions of another who is completely independent from the defendant. Also, we see some merit to the argument that *if* the codefendant pays part of the total sum, defendant will benefit. This of course assumes the court could justifiably have ordered the entire sum to be paid by defendant. However, the fact that fulfillment of the probationary condition here depends in part on the actions of another leads to the second flaw in the imposition of joint and several liability. ■ "[T]he void for vagueness doctrine applies to conditions of probation. [Citations.] An order must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." (*People* v. *Reinertson* (1986) 178 Cal.App.3d 320, 324-325 [223 Cal.Rptr. 670].)

■ Here, because of the joint and several aspect of the probationary condition, defendant must wait, perhaps up to the very end of his probation term, to determine what is required of him. His codefendant might timely pay his half of the $4,000 order or at any time may cease making payments. Aside from problems associated with giving defendant notice of when his codefendant has failed to make restitution, defendant enters probation not knowing the parameters of his probationary conditions.

The rehabilitative purpose of probation is not served when a defendant's probation conditions are dependent upon the actions of another. Furthermore, such a condition is not sufficiently precise for the defendant to know what is required of him and is therefore void for vagueness. Also, under these conditions, it is difficult for the court to determine whether the condition has been violated.

Resentencing is necessary for the trial court to eliminate the joint and several aspects of the restitution order and tailor its restitution order to a sum certain to be paid by defendant, using proper criteria.

IV., V.*

. . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 1374.

## DISPOSITION

We remand this matter for resentencing in accordance with the views expressed herein. In all other respects, the judgment is affirmed.

Ardaiz, Acting P. J., and Thaxter, J., concurred.