[No. F020171. Fifth Dist. Aug. 24, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM JOHN ARNOLD, Defendant and Appellant.

COUNSEL

Thomas L. Riordan, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Michael J. Weinberger and Thomas Y. Shigemoto, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

VARTABEDIAN, J.—  We are called upon to decide whether a sentencing court may properly order a defendant committed to prison to pay the full amount of restitution, rather than an apportioned share, under circumstances where his codefendant has been ordered to reimburse the same loss. Given the facts of the present case, we find that joint and several orders for payment of restitution made pursuant to Government Code section 13967, subdivision (c),[1] are permissible.

### FACTS AND PROCEEDINGS

On February 15 and 16, 1993, defendant William John Arnold participated with a number of other individuals in burglarizing the home of Armando

---

[1]Hereafter, we will refer to this provision simply as section 13967(c).

Salinas, while Salinas and his wife were out of town. The burglars loaded substantial items from the home into a rented moving van. The total value of the items taken approached $20,000. Some of the property was recovered, including items found at defendant's residence.

Bryant Lambert and defendant were jointly charged with two counts of residential burglary. They were granted separate trials. A jury found defendant guilty as charged. Lambert later pleaded guilty to one of the charged counts.

On August 20, 1993, the court denied probation and sentenced defendant to a four-year prison term; defendant requested and was granted a further hearing on the matter of restitution.

Meanwhile, a different judge sentenced Lambert to a two-year prison term and ordered him to pay restitution of $5,300[2] to victim Salinas.

On November 23, 1993, defendant's restitution hearing proceeded. Based upon Salinas's testimony, the court determined the full amount of Salinas's unreimbursed loss to be $1,875; defendant was ordered to pay that sum as direct restitution pursuant to section 13967(c).

Defendant appeals, raising only the issue of restitution.

### DISCUSSION

Defendant cites our case of *People v. Hernandez* (1991) 226 Cal.App.3d 1374 [277 Cal.Rptr. 444] for the overly broad proposition "that joint and several liability should not be imposed as a restitution order in a criminal case." On the facts of *Hernandez*, we found inappropriate a *probation condition* that the defendant was jointly and severally responsible along with his contemporaneously sentenced codefendant for the full amount of restitution attributable to their criminal conduct. The *Hernandez* opinion should not be read to generally disapprove of such orders, including orders made under section 13967(c) where probation has been denied.

Section 13967(c) provides:

"In cases in which a victim has suffered economic loss as a result of the defendant's criminal conduct, and the defendant is denied probation, in lieu

---

[2]This figure was apparently based on Salinas's out-of-pocket loss after his receipt of insurance proceeds. The probation report listed the sum as $4,300, and the proof shown at defendant's restitution hearing demonstrated an even lower amount.

of imposing all or a portion of the restitution fine, the court shall order restitution to be paid to the victim. If a defendant has been convicted of a felony violation of Section 288 of the Penal Code, restitution to the victim may be ordered whether or not the defendant is denied probation. Notwithstanding subdivision (a), restitution shall be imposed in the amount of the losses, as determined. The court shall order full restitution unless it finds clear and compelling reasons for not doing so, and states them on the record. A restitution order imposed pursuant to this subdivision shall identify the losses to which it pertains, and shall be enforceable as a civil judgment. The making of a restitution order pursuant to this subdivision shall not affect the right of a victim to recovery from the Restitution Fund in the manner provided elsewhere, except to the extent that restitution is actually collected pursuant to the order. Restitution collected pursuant to this subdivision shall be credited to any other judgments for the same losses obtained by the victim against the defendant arising out of the crime for which the defendant was convicted.

"Restitution ordered pursuant to this subdivision shall, to the extent possible, be of a dollar amount that is sufficient to fully reimburse the victim, or victims, for all determined economic losses incurred as the result of the defendant's criminal conduct. If the conviction is for felony violation of Section 288 of the Penal Code, the court may also order that the restitution be paid to the victim to cover noneconomic losses, including, but not limited to, psychological harm.

"For any order of restitution made pursuant to this subdivision, the defendant shall have the right to a hearing before the judge to dispute the determination made regarding the amount of restitution."

Because *People* v. *Hernandez, supra,* involved a grant of probation and did not involve a conviction for violation of Penal Code section 288, section 13967(c) did not apply and we had no reason to analyze that provision regarding the appropriateness of the joint and several order of restitution made in that case. The provision does apply to the present facts because defendant was sentenced to prison.

While section 13967(c) does not expressly authorize joint and several liability restitution orders, neither does its provision prohibit such orders. It does address concerns expressed in *Hernandez* by providing some procedural due process, by designating the restitution order as "enforceable as a civil judgment," and by recognizing the right of a defendant to recover any excess amount he might contribute.

In discussing the issue of civil litigation due process, *People* v. *Zito* (1992) 8 Cal.App.4th 736, 745 [10 Cal.Rptr.2d 491], a case in which probation was

denied, states: "[S]ection 13967 does guarantee a defendant some due process rights. The statute allows the defendant 'the right to a hearing before the judge to dispute the determination made regarding the amount of restitution.' Accordingly, a defendant will receive notice and opportunity to contest the joint and several order. Indeed, joint and several liability may not be preferable in all cases involving codefendants. By permitting the defendant to contest the issue, the court has an opportunity to determine the merits of such an order in the particular circumstance of the case."

We additionally find that the Legislature has implicitly addressed any further concern that joint and several liability is more appropriately a civil law concept by simply providing that such an order does have a civil side to it.

Finally, section 13967(c) provides that restitution paid "shall be credited to any other judgments for the same losses obtained by the victim against the defendant arising out of the crime for which defendant was convicted." The court in *People* v. *Zito, supra,* construed the term "defendant" to include "codefendants." (8 Cal.App.4th at p. 745.) Thus if the combined payments made by multiple defendants exceed the victim's loss, each defendant would be entitled to a pro rata refund of any overpayment.

Here, the sentencing court complied with the section 13967(c) procedure in ordering defendant to pay restitution of $1,875, the full amount of loss it determined victim Salinas had sustained. This order is enforceable as a civil judgment and defendant is protected from overpayment by the "same losses" provision found in section 13967(c). The order is not rendered inappropriate by virtue of the fact a codefendant has been ordered to pay for the same loss.

DISPOSITION

The judgment is affirmed.

Ardaiz, Acting P. J., and Martin, J., concurred.