Opinion
 

 STONE (W. A.), J.
 

 I
 
 [1]
 

 Joint and Several Liability
 

 Following negotiated pleas of guilty and nolo contendere to various Health and Safety Code violations and admitting various enhancements
 
 *1047
 
 appropriate to those charges, the trial court sentenced each defendant to time in prison consistent with his plea
 
 [2]
 
 In addition, the court ordered each defendant to
 
 pay, jointly and severally,
 
 $2,337.40 as restitution pursuant to Penal Code section 1202.4, subdivision (f), and $12,464.82 as a penalty pursuant to Health and Safety Code section 11374.5, subdivision (b)(1).
 
 [3]
 
 Defendants, except Mendoza, contend on appeal the trial court improperly imposed these amounts jointly and severally.
 

 A.
 
 Health and Safety Code section 11374.5, subdivision (b)
 

 Health and Safety Code section 11374.5, subdivision (a) prohibits disposal of hazardous substances or chemicals used in the manufacture of controlled substances in violation of any law regulating disposal of hazardous substances or hazardous waste. Subdivision (b) then provides: “(b)(1) In addition to any other penalty or liability imposed by law, a person who is convicted of violating subdivision (a) shall pay a penalty equal to the amount of the actual cost of any gross evidence of removal of hazardous substances or hazardous waste that is incurred by an agency as a result of the illegal disposal. The court shall transmit all penalties collected pursuant to this subdivision to the county treasurer of the county in which the court is located for deposit in a special account in the county treasury.”
 

 The question we address is whether the trial court correctly ordered the various defendants to pay
 
 jointly and severally
 
 the “penalty equal to the amount of the actual cost of any gross evidence of removal. . . .” (Health & Saf. Code, § 11374.5, subd. (b).) Because this question has never been answered in the context of this particular section, we rely upon the relevant legislative history to determine the purpose and intent of the cleanup penalty provision. When called upon to interpret a statute, an appellate court begins with the fundamental canon of construction that the judiciary “‘should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citation.]’ ”
 
 (Moyer
 
 v.
 
 Workmen’s Comp. Appeals Bd.
 
 (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224];
 
 Cossack
 
 v.
 
 City of Los Angeles
 
 (1974) 11 Cal.3d 726, 732 [114 Cal.Rptr. 460, 523 P.2d
 
 *1048
 
 260];
 
 People
 
 v.
 
 Clark
 
 (1992) 10 Cal.App.4th 1259, 1266 [13 Cal.Rptr.2d 209].) And that history reveals the paramount purpose of section 11374.5, subdivision (b) is to ensure reimbursement of cleanup costs to an agency that has incurred those costs following a violation of Health and Safety Code section 11374.5, subdivision (a). (Sen. Rules Com., Rep. on Sen. Bill No. 1175 (1993-1994 Reg. Sess.) (Senate Rules Committee Report.) The legislators predicted that passage of this provision would facilitate the cleanup of contaminated areas by forcing those responsible to pay the cost of removing the damage.
 
 (Ibid.)
 
 Moreover, it was noted this method of financial reimbursement would make better use of prosecutorial resources and eliminate duplicative court proceedings.
 
 (Ibid.)
 

 All parties agree the court properly invoked Health and Safety Code section 11374.5, subdivision (b) in light of the facts of this case. Their disagreement stems from the manner in which a court should order cleanup costs paid. As we have noted, the court ordered joint and several liability against each appellant in the amount of $12,464.82.
 

 Appellants contend the extent of their individual financial responsibility should vary according to their particular culpability, with the total of all orders against them not exceeding $12,464.82. They urge us to remand the matter in order for the trial court to apportion the amounts for which they are liable individually. We disagree. To impose such a requirement upon imposition of Health and Safety Code section 11374.5, subdivision (b) does not reflect the legislative purpose we have discussed. Carried to its logical conclusion, appellants’ position endorses a result by which the agency would most likely receive only partial payment. The likelihood every defendant in a multiple-defendant case would contribute his or her allotted share in compliance with the court order is slim, indeed a cynic would say, none. Should any defendant not pay his or her portion, the agency would absorb the loss. We do not believe the Legislature contemplated such a result. Furthermore, appellants’ interpretation would require supplemental litigation to determine each defendant’s culpability, an expenditure of additional judicial and prosecutorial resources that contradicts the clear legislative intent. (Sen. Rules Com. Rep.,
 
 supra.)
 

 On the other hand, the People suggest the plain meaning of the statute requires each defendant to pay the entire amount of the cleanup cost, and urge the trial court be directed to order each appellant to pay the full amount, $12,464.82. While the argument has superficial appeal, it also fails to accomplish the legislative intent. Health and Safety Code section 11374.5, subdivision (b) has no punitive purpose that we can detect; rather, the desired result is simply to recover the costs of cleanup. It is a statute
 
 *1049
 
 designed to facilitate reimbursement—nothing more. Adopting the People’s interpretation would create a potential windfall to the agency entitled to reimbursement. In this case, for example, the agency could recover as much as $87,253.74
 
 [4]
 
 with no requirement that it return amounts in excess of cleanup costs. We do not agree the Legislature contemplated such a result. Indeed, the statute makes no mention of how, if at all, excess funds should be allocated by the county treasurer.
 

 In our view, the imposition of joint and several liability, as the trial court did here, best carries out the section’s legislative intent. By ordering each defendant jointly and severally liable for all cleanup costs, the trial court: (1) ensured, as best it could, full reimbursement to the agency; and (2) protected, as best it could, the defendants from paying amounts exceeding $12,464.82.
 

 Accordingly, we hold the court correctly ordered joint and several liability upon each of the appellants convicted of violating subdivision (a) of Health and Safety Code section 11374.5.
 

 B.
 
 Penal Code section 1202.4, subdivision (f)
 

 We now turn to the question of the joint and several order to pay restitution pursuant to Penal Code section 1202.4, subdivision (f), which provides in part: “In every case in which a victim has suffered economic loss as a result of the defendant’s conduct, the court shall require that the defendant make restitution to the victim or victims. . . .” Unlike the preceding issue, our analysis of this section is facilitated by two cases which review a code section analogous to Penal Code section 1202.4, subdivision (f). In those cases the courts relied upon certain safeguards in the statute, also present here, to conclude joint and several liability was appropriate. We shall reach the same result.
 

 People
 
 v.
 
 Zito
 
 (1992) 8 Cal.App.4th 736 [10 Cal.Rptr.2d 491]
 
 (Zito)
 
 concerned a restitution order made pursuant to Government Code former section 13967.
 
 [5]
 
 Zito received a prison term, and the trial court ordered direct victim restitution against Zito and his codefendant in the amount of
 
 *1050
 
 $300,000 jointly and severally. In affirming the order, the court noted joint and several liability (1) is not prohibited by Government Code former section 13967, (2) increases the likelihood the victim will be compensated, (3) is more likely to cause the criminal to understand his actions have harmed a real victim, and (4) does give the defendant some civil due process rights—notice of the proposed order, right to a court hearing to contest liability and amount. Concerning the practical difficulties of administering a joint and several order,
 
 Zito
 
 observed the court can require notice to defendant of payments made by a codefendant, defendant has a right of contribution against a recalcitrant codefendant, and Government Code former section 13967, subdivision (c) lessens the chance of double recovery by a victim by crediting any payment in excess of the restitution amount against any other judgments resulting for the same loss. The court concluded the trial court properly ordered joint and several liability pursuant to Government Code former section 13967.
 

 People
 
 v.
 
 Arnold
 
 (1994) 27 Cal.App.4th 1096 [33 Cal.Rptr.2d 35]
 
 {Arnold)
 
 likewise dealt with a joint and several restitution order pursuant to Government Code former section 13967, subdivision (c). Arnold was sentenced to
 
 [6]
 
 The
 
 Arnold
 
 court agreed with
 
 Zito
 
 that the section provides sufficient civil due process protection by its notice and hearing procedures. “We additionally find that the Legislature has implicitly addressed any further concern that joint and several liability is more appropriately a civil law concept by simply providing that such an order does have a civil side to it.”
 
 {Arnold, supra,
 
 27 Cal.App.4th at p. 1100.)
 

 Thus, both
 
 Arnold
 
 and
 
 Zito
 
 hold a joint and several restitution order is proper under Government Code former section 13967.
 

 Turning back to our case, defendants argue first that the statutory provisions of Government Code former section 13967, subdivision (c) are different from those of Penal Code section 1202.4, subdivision (f). Unfortunately,
 
 *1051
 
 they do not explain how the provisions of the two sections are different. As we noted in footnote 6,
 
 ante,
 
 to us the sections appear similar.
 

 Penal Code section 1202.4, subdivision (f) provides in part: “In every case in which a victim has suffered economic loss as a result of the defendant’s conduct, the court shall require that the defendant make restitution to the victim or victims. . . .” Just as with Government Code former section 13967, Penal Code section 1202.4, subdivision (f) “does not expressly authorize joint and several liability restitution orders, neither does its provision prohibit such orders.”
 
 (Arnold, supra,
 
 27 Cal.App.4th at p. 1099.) The restitution order is treated as a civil judgment (Pen. Code, § 1202.4, subd. (h)), a defendant has the right to a hearing before a judge to dispute the determination of the amount of restitution (Pen. Code, § 1202.4, subd. (f)(1)), and, just as the
 
 Zito
 
 court noted, a defendant has the right to have any amount in excess of the restitution amount credited to any other judgment arising from the same loss. (Pen. Code, § 1202.4, subd. (j);
 
 Zito, supra,
 
 8 Cal.App.4th at p. 745.)
 

 As we see it, Penal Code section 1202.4 and Government Code former section 13967 are sufficiently similar to dictate our adoption of the reasoning of
 
 Arnold
 
 and
 
 Zito.
 

 Next, defendants argue their case differs from
 
 Arnold
 
 because in that case Arnold and his codefendant were sentenced by different judges, whereas they were sentenced contemporaneously by the same judge. Suffice it to say, we find no authority, including
 
 Arnold,
 
 that gives any importance to whether codefendants are sentenced by the same judge at the same sentencing hearing. Such a distinction makes no sense and would lead to absurd results. We reject it out of hand.
 

 Defendants further argue the trial court did not assess their individual culpability before imposing their joint and several liability. If it had, they contend, the amount each was assessed would vary according to his culpability. This contention was explicitly rejected in
 
 Zito,
 
 and we believe correctly so. “According to Zito, his codefendant was more culpable. However, by pleading no contest to grand theft, Zito admits responsibility for the losses. (Pen. Code, § 1016, subd. 3.) He is therefore ‘culpable’ and is responsible for the full amount of the victim’s losses. Accordingly, his obligation to pay does not hinge upon the culpability of his codefendant.”
 
 {Zito, supra,
 
 8 Cal.App.4th at p. 746.)
 

 Subsumed within this preceding argument is defendants’ additional contention, as expressed by trial counsel at sentencing, that it is unfair that some
 
 *1052
 
 defendants did not have standing to challenge service of a search warrant, yet are responsible for the entire amount of restitution. We fail to understand the connection between the two issues, and defendants cite no authority to enlighten us.
 

 We hold the court correctly imposed restitution jointly and severally pursuant to Penal Code section 1202.4, subdivision (f).
 

 II-IV
 
 *
 

 Disposition
 

 The judgments are affirmed.
 

 Martin, Acting P. J., and Dibiaso, J., concurred.
 

 Appellants’ petition for review by the Supreme Court was denied September 17, 1997.
 

 [1]
 

 We defer recitation of the specific facts of the crimes not related to the issues in part I to later unpublished portions of the opinion.
 

 [2]
 

 Defendants Arias, Madrana, Chavez, Mendoza and Chauteco pled guilty to count 2, manufacturing a controlled substance (Health & Saf. Code, § 11379.6, subd. (a)), count 3, possession of methamphetamine for sale (Health & Saf. Code, § 11378), and count 4, being a manufacturer of a controlled substance who disposed of hazardous waste (Health & Saf. Code, § 11374.5, subd. (a)). Defendant Silva pled nolo contendere to those same charges. Defendant Torres pled guilty to count 1, conspiracy to manufacture a controlled substance (Health & Saf. Code, § 11379.6 and Pen. Code, § 182, subd. (a)(1)), and counts 3 and 4. Defendant Billalvaso pled guilty to count 2.
 

 [3]
 

 Because defendant Billalvaso was not convicted of a violation of Health and Safety Code section 11374.5, subdivision (a), he was not ordered to pay the penalty pursuant to Health and Safety Code section 11374.5, subdivision (b).
 

 [4]
 

 We recognize this result could happen only in Utopia.
 

 [5]
 

 Government Code former section 13967, subdivision (c) stated in part: “In cases in which a victim has suffered economic loss as a result of the defendant’s criminal conduct, and the defendant is denied probation, in lieu of imposing all or a portion of the restitution fine, the court shall order restitution to be paid to the victim. . . . The court shall order full restitution unless it finds clear and compelling reasons for not doing so, and states them on the record. A restitution order imposed pursuant to this subdivision shall identify the losses to which it pertains and shall be enforceable as a civil judgment. . . . Restitution collected pursuant to
 
 *1050
 
 this subdivision shall be credited to any other judgments for the same losses obtained by the victim against the defendant arising out of the crime for which the defendant was convicted. HI. . . [‘JO For any order of restitution made pursuant to this subdivision, the defendant shall have the right to a hearing before the judge to dispute the determination made regarding the amount of restitution.”
 

 [6]
 

 Both
 
 Zito
 
 and
 
 Arnold
 
 differ from an earlier case,
 
 People
 
 v.
 
 Hernandez
 
 (1991) 226 Cal.App.3d 1374 [277 Cal.Rptr. 444] (overruled on other grounds in
 
 People
 
 v.
 
 Welch
 
 (1993) 5 Cal.4th 228, 232-233 [19 Cal.Rptr.2d 520, 851 P.2d 802]). In
 
 Hernandez
 
 a joint and several restitution order was imposed against multiple defendants as terms of their probation, not pursuant to a particular statutory provision such as Government Code former section 13967.
 
 Zito
 
 criticizes
 
 Hernandez; Arnold
 
 distinguishes it. In either event, because Penal Code section 1202.4 is similar to Government Code former section 13967, we conclude
 
 Hernandez
 
 has no bearing on our analysis.
 

 *
 

 See footnote
 
 ante,
 
 page 1044.