[No. C044133. Third Dist. Sept. 21, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
MAXMILLIAN LEVEC KUNITZ et al., Defendants and Appellants.

## COUNSEL

David McNeil Morse, under appointment by the Court of Appeal, for Defendant and Appellant Maxmillian Levec Kunitz.

Richard A. Levy, under appointment by the Court of Appeal, for Defendant and Appellant Anna Maria Lopez.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Stan Cross and Susan J. Orton, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DAVIS, Acting P. J.**—Defendants Maxmillian Levec Kunitz and Anna Maria Lopez appeal following their guilty plea convictions of four counts each of forcibly committing a lewd or lascivious act upon a child. (§ 288, subd. (b)(1).)[1] They contend that the trial court exceeded its jurisdiction by ordering that the imposed $6,400 restitution and parole revocation fines be payable jointly and severally. They request that the judgment be modified to reflect separate $3,200 restitution and parole revocation fines payable individually. Since this contention has merit, we shall grant the requested relief.

### FACTS AND PROCEDURAL HISTORY

Defendants were charged with numerous sex offenses arising from their molestation of two children. Defendants committed the crimes by, among other things, forcing the victims to pick a card from a deck of sexually explicit drawings and then perform the act as depicted in the drawing.

Kunitz was charged with 15 counts and Lopez with 13 counts of forcibly committing a lewd or lascivious act upon a child. (§ 288(b)(1).) Defendants were also charged with two counts each of oral copulation with a child

---

[1] Further undesignated section references are to the Penal Code.

under the age of 14 by a defendant who is 10 years older (§ 288a, subd. (c)(1)); four counts each of aggravated sexual assault of a child (§ 269, subd. (a)(4), (5)); and two counts each of sexual penetration of a child under the age of 14 by a defendant who is at least 10 years older (§ 289, subd. (j)). Kunitz was additionally charged with one count of aggravated sexual assault by means of rape (§ 269, subd. (a)(1)), while Lopez was charged with five separate counts of committing a lewd or lascivious act upon a child (§ 288(b)(1)).

Pursuant to a plea bargain, both defendants pleaded guilty to four counts of forcibly committing a lewd or lascivious act upon a child. (§ 288(b)(1).) At sentencing, the trial court imposed a restitution fine of $6,400 and a parole revocation fine in the same amount, to be payable jointly and severally by both defendants. Each defendant was sentenced to 32 years in prison.

DISCUSSION

■ Defendants contend that imposition of joint and several restitution fines is unauthorized. This contention has merit. Neither section 1202.4, subdivision (b) (section 1202.4(b)) nor section 1202.45 expressly provides for imposition of a restitution fine payable jointly and severally among two or more defendants, and we decline to infer such an intent from the statutory language.

Section 1202.4(b) requires the court to impose a restitution fine "[i]n every case where *a person* is convicted of a crime," in the absence of compelling or extraordinary reasons for not imposing the fine. (Italics added.) Subdivision (1) of section 1202.4(b) provides that "[t]he restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if *the person* is convicted of a felony . . . ." (Italics added.) Subdivision (2) of section 1202.4(b) provides a formula for calculating the restitution fine, as follows: "In setting the felony restitution fine, the court may determine the amount of the fine as the product of two hundred dollars ($200) multiplied by the number of years of imprisonment *the defendant* is ordered to serve, multiplied by the number of felony counts of which *the defendant* is convicted." (Italics added.)

■ Those portions of section 1202.4(b) which refer to "a person" or "the defendant," which we have italicized in the preceding paragraph, do so in the singular. While it is true, as a general rule, that "the singular number includes the plural" (§ 7), the language and structure of section 1202.4(b) indicates that this general rule was not intended to apply. To begin with, in section 1202.4 itself, the Legislature has distinguished between the singular and the

plural. In referring to direct restitution, the Legislature specified that "[r]estitution to the victim *or victims*, . . . shall be enforceable as if the order were a civil judgment." (§ 1202.4, subd. (a)(3)(B), italics added.) By contrast, as we have noted, section 1202.4(b) and (b)(2) refer to "a person" and "the defendant" in the singular. The Legislature's decision to include both the singular and plural, "victim" and "victims," in section 1202.4, subdivision (a)(3)(B), but to restrict its references to "a person" or "the defendant" in section 1202.4(b) and (b)(2), indicates that a restitution fine should be specific to a defendant.

Other provisions of the statute are in accord with this view of legislative intent. For instance, the formula for calculating a restitution fine in the case of a felony conviction requires the court to multiply $200 by "the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." This is a defendant-specific inquiry, which gives no suggestion that the court may consider the convictions or terms of imprisonment of codefendants in setting a defendant's restitution fine.

Similarly, under section 1202.4, subdivision (d), the court may consider a number of factors in setting the restitution fine, "including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered any losses as a result of the crime, and the number of victims involved in the crime." Again, these factors are specific to each defendant.

The foregoing provisions also evince a legislative intent to require the sentencing court to impose a specific restitution fine, rather than a general fine for which several defendants may be held liable. Such free-floating fines would create uncertainty for defendants as well as administrative headaches for the prisons and the courts.

■ A restitution fine is punishment. (*People v. Harvest* (2000) 84 Cal.App.4th 641, 647 [101 Cal.Rptr.2d 135] (*Harvest*).) Punishment must be in accord with the crime the defendant committed. (*In re Lynch* (1972) 8 Cal.3d 410, 424 [105 Cal.Rptr. 217, 503 P.2d 921].) Therefore, restitution must be in accord with each defendant's individual culpability. This reasoning is implicit in section 1202.4(b), and is inconsistent with the imposition of a restitution fine that is jointly and severally payable among two or more defendants. It follows that the restitution fines imposed herein were unauthorized, and must be set aside.

■ By the same reasoning, the parole revocation fines jointly and severally imposed must also be set aside. Section 1202.45 provides in pertinent

part: "In every case where *a person* is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional parole revocation restitution fine shall be suspended unless *the person's* parole is revoked." (Italics added.) Like section 1202.4(b), section 1202.45 uses the singular when referring to the defendant. Furthermore, the parole revocation fine is based on the amount of the section 1202.4(b) fine, and thus mirrors the same considerations at issue in the calculation of that fine. In addition, we note that a parole revocation fine payable jointly and severally would expose one defendant to the possibility of paying a parole revocation fine for the other defendant if the latter's parole is revoked. While this possibility might encourage each defendant to monitor the other's activities while on parole, it would provide a disincentive for a defendant still on parole to adhere to the terms and conditions thereof, since he or she already would have been burdened with liability on a parole revocation fine notwithstanding good behavior on his or her part.

■ The People's arguments in opposition are unpersuasive. Initially, we reject the People's claim that defendants waived their claim because they failed to object to the fines. In the People's view, an objection was required because the fines were *not unauthorized*, since they did not exceed the $10,000 statutory maximum. While it is true that the fines were not unauthorized based on their amounts, they were unauthorized because the statutes do not provide for imposition of a fine payable jointly and severally by two or more defendants. Therefore, defendants need not have objected to the fines in order to challenge them on appeal. (*People v. Chambers* (1998) 65 Cal.App.4th 819, 823 [76 Cal.Rptr.2d 732] [failure to object does not waive issue of statutorily unauthorized restitution fine].)

We are also unpersuaded by the People's reliance on those cases authorizing the imposition of joint and several direct restitution. (See, e.g., *People v. Madrana* (1997) 55 Cal.App.4th 1044, 1049–1052 [64 Cal.Rptr.2d 518].) Victim restitution is not punishment. (*Harvest, supra,* 84 Cal.App.4th at pp. 645, 647.) It is akin to a civil judgment, and may be enforced by similar means, which includes imposition of joint and several liability. (*Id.* at p. 647.) A restitution fine, by contrast, is punishment, and thus must relate to the defendant's individual culpability. (*Id.* at pp. 646–647.)

■ Equally unavailing is the People's assertion that the issue of restitution is not cognizable on appeal because defendants failed to obtain certificates of probable cause. Prior to entering their guilty pleas, each defendant was informed of the maximum amount of the fines, but not that the fines

would be payable jointly and severally with the codefendant. The appeals are based solely on grounds occurring after entry of the pleas and do not affect their validity; therefore, no certificate is required. (Cal. Rules of Court, rule 30(b)(4)(B).)

Finally, we are unpersuaded that a joint and several restitution fine is appropriate in this case because each defendant is equally culpable. While this argument would support imposition of equal restitution fines in the first instance, it does not support imposition of a restitution fine payable jointly and severally by both defendants.

Both defendants have requested that we modify the judgment to reduce their restitution and parole revocation fines to $3,200 each, which would be in accordance with the trial court's desire to impose an aggregate restitution fine of $6,400, as well as their relative culpability, since they each pleaded guilty to four counts of the same offense and each was sentenced to a 32-year prison term. The People do not respond to this request, which we construe as a concession of the point, which is well taken in any event.

### Disposition

The judgments are modified to reduce each defendant's restitution fine (§ 1202.4(b)) and parole revocation fine (§ 1202.45) to $3,200. The superior court is directed to prepare amended abstracts of judgment reflecting these modifications, and to forward certified copies to the Director of the Department of Corrections. In all other respects the judgments are affirmed.

Morrison, J., and Butz, J., concurred.