Filed 3/12/13  P. v. Casio CA2/5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| THE PEOPLE, | B239547 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA076492) |
| v. | |
| VINCENT ROBERT CASIO, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Los Angeles County, Teri Schwartz, Judge.  Affirmed as modified.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Eric E. Reynolds and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

The jury convicted defendant and appellant Vincent Robert Casio in counts 1 and 2 of murder (Pen. Code § 187, subd. (a)),[1] in counts 3-6 of premeditated attempted murder (§§ 187, subd. (a), 664), and in count 9 of possession of a firearm by a felon (§ 12021, subd. (a)(1)).[2]  As to the murder counts, the jury found true the multiple murder special circumstance (§ 190.2, subd. (a)(3)) and gang special circumstance (§ 190.2, subd. (a)(22)).  The jury found true allegations that defendant personally and intentionally discharged a handgun within the meaning of section 12022.53, subdivisions (b)-(d).  As to counts 1-6 and 9, the jury found true the allegations that defendant committed the offenses for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further, and assist in criminal conduct by gang members (§ 186.22, subds. (b)(1)(B), (b)(1)(C)).  As to count 9, the jury additionally found true the gang allegation pursuant to section 186.22, subdivision (b)(1)(A).

The trial court sentenced defendant to 145 years to life in state prison, plus two life terms without the possibility of parole, plus four life terms with the possibility of parole. The court ordered that defendant serve a minimum of 15 years on each of the four life terms.[3]

Defendant contends the life sentences on each of his four attempted murder convictions (counts 3-6) must be reversed because the prosecution failed to plead that the offenses were committed with premeditation and deliberation.

We affirm the judgment.

---

[1]     All further statutory references are to the Penal Code, unless otherwise stated.

[2]     Defendant was found not guilty of false imprisonment by violence (§ 236) in counts 7 and 8.

[3]     The trial court dismissed the allegations that defendant suffered prior prison terms within the meaning of section 667.5, subdivision (b) as to all counts, on the prosecution's motion.

## DISCUSSION[4]

Where it has been pleaded and proven that an attempted murder was willful, deliberate, and premeditated, section 664, subdivision (a) provides for an increase in the maximum determinate term to a life sentence. (*People v. Arias* (2010) 182 Cal.App.4th 1009, 1011, fn. 2 (*Arias*).) The statute specifically requires that "[t]he additional term provided in this section for attempted willful, deliberate, and premeditated murder shall not be imposed unless the fact that the attempted murder was willful, deliberate, and premeditated is charged in the accusatory pleading and admitted or found to be true by the trier of fact." (§ 664, subd. (a).) Additional to the pleading requirements contained in section 664, the federal Constitution requires that "the accused . . . be informed of the nature and cause of the accusation" (U.S. Const., 6th Amend.), such that he/she is afforded a reasonable opportunity to prepare a defense. (*People v. Jones* (1990) 51 Cal.3d 294, 317 (*Jones*).) This includes fair notice of allegations that will increase the defendant's punishment, including section 664, subdivision (a) allegations. (*People v. Houston* (2012) 54 Cal.4th 1186, 1227 (*Houston*).)

The Attorney General does not contest that the information and amended information failed to allege the attempted murders were deliberate and premeditated but contends defendant has forfeited this claim by failing to object, despite having fair notice of the allegations. We agree. Fair notice may be accomplished by various means, as was the case here. (See, e.g., *Jones*, *supra*, 51 Cal.3d at pp. 317-318.)

None of three versions of the information against defendant included allegations that any of the four attempted murders charged were willful, deliberate, and premeditated. Before the close of its case-in-chief, however, the prosecution provided a list of jury instructions to the trial court and opposing counsel, including Judicial Council

---

**4** Because the facts of the case are not relevant to the issue on appeal, we do not recount them here.

3

of California Criminal Jury Instructions (2009-2010) CALCRIM No. 601 (Attempted Murder:  Deliberation and Premeditation), as follows:

"If you find the defendant guilty of attempted murder, you must then decide whether the People have proved the additional allegation that the attempted murder was done willfully, and with deliberation and premeditation.

"The defendant acted willfully if he intended to kill when he acted.  The defendant deliberated if he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to kill.  The defendant premeditated if he decided to kill before acting.

"The attempted murder was done willfully and with deliberation and premeditation if either the shooter or both perpetrators acted with that state of mind.

"The length of time the person spends considering whether to kill does not alone determine whether the attempted killing is deliberate and premeditated.  The amount of time required for deliberation and premeditation may vary from person to person and according to the circumstances.  A decision to kill made rashly, impulsively, or without careful consideration of the choice and its consequences is not deliberate and premeditated.  On the other hand, a cold, calculated decision to kill can be reached quickly.  The test is the extent of the reflection, not the length of time.

"The People have the burden of proving this allegation beyond a reasonable doubt. If the People have not met this burden, you must find this allegation has not been proved."

The trial court discussed proposed modifications to CALCRIM No. 601 with counsel prior to the close of the prosecution's case.  Defense counsel did not object to inclusion of the instruction.[5]

The verdict forms submitted to the jury as to counts 3-6 included the allegation that the attempted murders were done willfully, and with deliberation and premeditation.

---

[5]     The only modification made was to replace the words "the defendant or both of them" in paragraph three with "the shooter or both perpetrators."

4

The trial court asked defense counsel if he had any objection to the verdict forms, and he responded that he did not. The jury expressly found true the allegations that the attempted murders charged in counts 3-6 were committed willfully, deliberately, and with premeditation.

The prosecutor's sentencing memorandum sought imposition of a life term on all four attempted murder convictions. The trial court sentenced defendant to a consecutive life term on each count of attempted murder without objection.

We agree with the Attorney General that the instant case is more closely analogous to *Houston*, *supra*, 54 Cal.4th 1186, than it is to *Arias*, *supra*, 182 Cal.App.4th 1009, upon which defendant relies.

In *Arias*, the information charged the defendant with two counts of attempted murder, but, as in this case, failed to allege that the attempted murders were willful, deliberate, and premeditated, or to reference section 664, subdivision (a). (*Arias*, *supra*, 182 Cal.App.4th at p. 1017.) The information was never amended to include the allegations. (*Ibid*.) Without objection from either of the parties, the jury was instructed that if it found defendant guilty of attempted murder, it must then determine whether the attempted murders were willful, deliberate, and premeditated. (*Ibid*.) The verdict forms, which were also submitted to the jury without objection, did not state that the jury must make a separate finding as to whether each attempted murder was willful, deliberate, and premeditated. (*Ibid*.) Instead, the verdict forms required the jury's finding as to whether the defendant was guilty of "first degree attempted murder," although attempted murder is not divided into degrees. (*Ibid*.) The jury found the defendant guilty of "first degree attempted murder" as to both counts. (*Ibid*.) At sentencing, the trial court imposed life imprisonment on the basis of the "first degree attempted murder" convictions. (*Ibid*.)

We held in *Arias* that the defendant's claim had not been forfeited and ordered the trial court to strike the section 664, subdivision (a) sentencing enhancements, remanding the matter for further sentencing. (*Arias*, *supra*, 182 Cal.App.4th at pp. 1021-1022.) We based our decision on the fact that the defendant was given no notice of the section 664, subdivision (a) enhancement, and we concluded "[t]his was no mere formal defect in

5

information," but rather an omission that prejudiced a substantial right. (*Id*. at p. 1020.) We held that neither abuse of discretion nor harmless error standards of review were applicable, distinguishing the case from those in which the charging document was amended during trial. (*Ibid*.)

In *Houston*, our Supreme Court held that the defendant forfeited his claim that his life sentences for attempted murder must be reversed because "defendant received adequate notice of the sentence he faced, and the jury made an express finding that the attempted murders were willful, deliberate, and premeditated." (*Houston*, *supra*, 54 Cal.4th at p. 1228.) As in this case and *Arias*, the information failed to allege the attempted murders were deliberate and premeditated. (*Id*. at p. 1226.) Also like *Arias* and the instant case, the trial court in *Houston* issued instructions that included an instruction on willful, deliberate, and premeditated attempted murder. (*Id*. at p. 1227.) In contrast to *Arias,* however, the trial court in *Houston* issued verdict forms including willful, deliberate, and premeditated attempted murder as a special finding. (*Ibid*.) Additionally, during the presentation of the defendant's case, the trial court noted the defendant faced life imprisonment and asked the parties if there were any objections to the instructions or verdict forms. (*Ibid*.) Neither party objected. (*Ibid*.) The trial court instructed the jury as to willful, deliberate, and premeditated attempted murder and indicated that the verdict forms contained a special finding on the issue. (*Ibid*.) The jury expressly found defendant guilty of willful, deliberate, and premeditated attempted murder, and the defendant was sentenced in accordance. (*Id*. at pp. 1227-1228.) Defendant did not object at any time. (*Ibid*.)

The *Houston* court declined to decide whether we erred in *Arias* by holding the defendant had preserved his claim that the indictment was inadequate. (*Houston, supra,* 54 Cal.4th at p. 1229.) *Houston* distinguished *Arias* on the basis that in *Arias*, it was not clear when the jury instructions and verdict forms were issued, or whether the parties had discussed the issue of the section 664, subdivision (a) allegations, and the jury had not expressly found that the murders were willful, deliberate, and premeditated. (*Ibid*.) *Houston* reasoned that the defendant had fair opportunity to object to the instructions or

jury forms at many times during the proceedings, but had failed to do so, depriving the trial court of the opportunity to hear argument on whether the information should be amended, and remedy the situation appropriately. (*Id*. at pp. 1227-1228.) Accordingly, *Houston* held that the defendant had forfeited his claim. (*Id*. at p. 1229.)

The circumstances here are the same. Although the information was inadequate, defendant had fair notice of the prosecutor's intent to pursue the finding and sufficient time to object. Counsel specifically discussed modifications to CALCRIM No. 601 prior to the close of the prosecution's case, but there were no objections to its inclusion. Because a minor modification was made, as noted above, it is clear that the defense had actual notice of the instruction and therefore had notice of the allegations as well. There were numerous discussions regarding jury instructions, and counsel were specifically asked whether they objected to the verdict forms, which included the special findings. Moreover, here the jury expressly found defendant guilty of willful, deliberate, and premeditated attempted murder in counts 3-6, whereas in *Arias* the jury convicted the defendant of "first degree attempted murder," a crime which did not exist. We therefore hold that under the reasoning of *Houston*, defendant has forfeited his claim that his four life sentences must be reversed due to defects in the charging document.

## SUPPLEMENTAL BRIEFING

Defendant filed a supplemental letter brief requesting that we order the trial court to amend the awards of direct victim restitution against him and codefendant Sean Martinez to reflect the imposition of joint and several liability.

Defendant and Martinez were tried together but sentenced separately. There was a delay in receipt of the verdicts as to Martinez, and defendant's record on appeal does not indicate the jury's disposition as to any of the counts with respect to Martinez. In fact, Martinez was convicted of the same charges, with the exception of felon in possession of

7

a firearm (§ 12021, subd. (a)(1) (count 9)) for which only defendant was convicted.[6] On February 28, 2011, the trial court ordered defendant to pay direct victim restitution in the amount of $36,990.89 plus ten percent interest to the Victim's Compensation Board, and $1,669.54 to Nicole Richards for out-of-court funeral expenses (§ 1202.4, subd. (f)). Martinez was ordered to pay $38,530.89 to the Victim's Compensation Board and $1,669.54 to Nicole Richards for out-of-court funeral expenses (§ 1202.4, subd. (f)) at sentencing on July 10, 2012.

Section 1202.4, subdivision (f), states in relevant part, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order." Defendant argues that the order for restitution in his case should have been made joint and several with the order in Martinez's case to avoid multiple reimbursement for a single expense, which would result in a windfall to the victims' families.

Defendant forfeited his claim by failing to object below. (*People v. O'Neal* (2004) 122 Cal.App.4th 817, 820.) "[A]ll 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' raised for the first time on appeal are not subject to review. [Citations.]" (*People v. Smith* (2001) 24 Cal.4th 849, 852 (*Smith*).) Relying on *People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1535 (*Blackburn*), defendant argues the sentence was unauthorized, and as a result, his claim was not forfeited. Defendant's reliance is misplaced. First, *Blackburn* did not address forfeiture by failure to object and "[i]t is axiomatic that an opinion does not stand for a proposition the court did not consider." (*People v. Taylor* (2010) 48 Cal.4th 574, 626.) Moreover, the unauthorized sentence exception only applies to sentences that could not be lawfully imposed under any circumstance, where it is unnecessary to review the factual findings of the trial court, and where there is no need to remand the matter to the

---

[6] Codefendant Martinez's appeal is separately pending in case No. B242591.

trial court. (*Smith*, *supra*, at p. 852; *People v. Brach* (2002) 95 Cal.App.4th 571, 578.) The exception does not apply here.

Even if defendant had not forfeited his claim by failing to raise it, it is without merit. Although *Blackburn* held that a trial court has "the authority to order direct victim restitution paid by both defendants jointly and severally[,]" neither *Blackburn* nor the other cases defendant cites stand for the proposition that the court *must* order joint and several liability. (*Blackburn*, *supra*, 72 Cal.App.4th at p. 1535; *People v. Neely* (2009) 176 Cal.App.4th 787, 800; *People v. Madrana* (1997) 55 Cal.App.4th 1044, 1049-1052 (*Madrana*).)

Section 1202.4, subdivision (j) provides that restitution paid "shall be credited to any other judgments for the same losses obtained against the defendant arising out of the crime for which the defendant was convicted." "The court in *People v. Zito* [8 Cal.App.4th 736, 745] construed the term 'defendant' to include 'codefendants.' [Citation.] Thus if the combined payments made by multiple defendants exceed the victim's loss, each defendant would be entitled to a pro rata refund of any overpayment." (*People v. Arnold* (1994) 27 Cal.App.4th 1096, 1100 (*Arnold*).) Although *Arnold* discussed an earlier statute (Gov. Code, § 13967, subd. (c)), the language of the two versions of the law is sufficiently similar for its interpretation to be applicable here. (*Madrana*, *supra*, 55 Cal.App.4th at pp. 1050-1051.) Because the law protects defendant against overpayment to the victims, we conclude there was no error meriting a remedy on appeal.

In her response to defendant's letter brief, the Attorney General correctly notes that the abstract of judgment does not include the ten percent interest on the $36,990.89 restitution to the Victim's Compensation Board ordered by the trial court at sentencing.[7] We order the abstract of judgment modified to conform to the court's pronouncement. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

---

[7]    The abstract of judgment reflects a total restitution amount of $38,660.43, the total of the $36,990.89 restitution to the Victim's Compensation Board and the $1,669.54 to Nicole Richards.

9

**DISPOSITION**

The trial court is directed to prepare an amended abstract of judgment, corrected to include the ten percent interest of $3,699.09 on the $36,990.89 restitution to the Victim's Compensation Board, for a total restitution of $42,389.52, including the $1,669.54 in restitution to Nicole Richards, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

KRIEGLER, J.

We concur:

ARMSTRONG, Acting P. J.

MOSK, J.