Filed 10/3/13  P. v. McCurtain CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C073013 |
| Plaintiff and Respondent, | (Super. Ct. No. T120312F2) |
| v. | |
| CHRISTINA McCURTAIN, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On May 2, 2012, R.J. returned home to find that her home had been ransacked. Numerous items had been taken, including jewelry, coins, and keys to two vehicles.  R.J. spent that night with a friend.  The next morning, R.J. returned home to find that it had been broken into again and items had been taken, including a laptop computer, a television and a pickup truck.

1

On May 17, 2012, J.D. returned home and found a man in his garage. The man fled in a pickup truck which matched the description of the pickup stolen from the R.J.'s home. Numerous items had been taken from J.D.'s home. Police found the truck at a ski resort and arrested defendant Christina McCurtain and David Gish who were in the truck.

Defendant entered a plea of guilty to vehicle theft (R.J.'s truck) (Veh. Code, § 10851, subd. (a); count III), second degree burglary (J.D.) (Pen. Code, § 459; count V), and receiving stolen property (Pen. Code, § 496, subd. (a); count VII) in exchange for probation for five years and subject to certain terms and conditions including 180 days in county jail.

On September 4, 2012, the court suspended imposition of sentence and granted probation for a period of five years subject to certain terms and conditions including 180 days in county jail. The court ordered restitution for the benefit of R.J. in the amount of $6,135, plus 10 percent interest, and reserved jurisdiction to order victim restitution to J.D., assuring defense counsel that victim restitution would be joint and several with Gish who was also convicted of offenses arising from the two burglaries.

After a restitution hearing on December 19, 2012, the court ordered defendant to pay $50,000 to J.D. J.D., a real estate developer, testified about his losses which included clothing valued at more than $23,000, sports gear worth over $7,000, electronics worth over $5,000, and household items valued at more than $10,000. The home also sustained damage in the amount of $19,000. Defense counsel argued that J.D.'s claim of over $66,000 was unreasonable in view of discovery (pages of a police report) wherein J.D. had claimed $50,000 in restitution. After a recess, the court recounted that in chambers, the prosecutor represented that J.D. would be "satisfied" with $50,000. The court found that J.D. was entitled to the $66,000 plus based on the evidence presented but that it was charitable of J.D. to take less. The court ordered defendant's grant of probation modified to include $50,000 in restitution to J.D., "joint and several" with Gish.

Defendant appeals.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental letter brief, claiming that the restitution ordered to J.D. is "unfairly high" since "[a]bout 75% of the items he had claimed in court were not in our possession or in the police reports." Defendant asserts that "[J.D.] had spoken to [her] and others along with filing police reports about the items we were charged with being [a part] of previous break ins, months before the incident" with which defendant was charged. Defendant states that she learned from the county collections department that she was the only one on file to pay the restitution and that Gish had not been served and was not on file to pay.

At the restitution hearing, defense counsel argued that J.D.'s claim of $66,000 was unreasonable in view of J.D.'s claim of $50,000 as reflected in the police report. Defendant did not present any evidence that J.D. had lost the items in previous break-ins. The record does not reflect whether any of the items were in the possession of defendant or Gish. Defendant's claim that the amount ordered includes restitution for items taken in a previous burglary are not supported by the record on appeal. Defendant's claim that the $50,000 amount is unfairly high fails to recognize that J.D. is entitled to an award of restitution which fully reimburses him "for every determined economic loss incurred as a result of the defendant's criminal conduct" which includes payment for the value of stolen or damaged property. (Pen. Code, § 1202.4, subd. (f)(3)(A).) The trial court's $50,000 order is supported by J.D.'s testimony.

With respect to Gish's responsibility to pay, the trial court modified defendant's order of probation to add that she pay victim restitution through the county collection office for the benefit of J.D. in the amount of $50,000, plus 10 percent interest. The court

3

directed defendant to contact the collection office to establish a payment plan. The court ordered defendant to pay $50,000, jointly and severally with Gish but noted the amount could be greater for Gish, depending on the restitution hearing in Gish's case.

The minute order for the J.D. restitution hearing does not reflect that defendant was ordered to pay the amount "jointly and severally" with Gish and the record on appeal does not include an amended order of probation to reflect the $50,000 restitution order. In the trial court, defense appellate counsel sought an amended minute order and order of probation to reflect joint and several liability with Gish and asked that the orders be forwarded to this court. In the *Wende* brief defense appellate counsel filed thereafter, she made no reference to her request in the trial court. To date, this court has not received an amended minute order or order of probation or any indication the trial court responded to the April 2013 letter from defense appellate counsel. Because the trial court properly exercised its authority to make the restitution joint and several (Pen. Code, § 1202.4, subd. (f); *People v. Madrana* (1997) 55 Cal.App.4th 1044, 1049-1052), we will order the minute order and probation order corrected to reflect that the $50,000 to J.D. is joint and several with Gish, if that correction has not already been made. (*People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1535.)

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The trial court is directed to prepare an amended minute order and probation order to reflect that the $50,000 defendant was ordered to pay as restitution to J.D. is a joint and several obligation with David Gish, if the trial court has not already done so.  The judgment is affirmed.


                                                             HULL         , Acting P.  J.


We concur:


      MAURO        , J.


      MURRAY       , J.