[No. B068534. Second Dist., Div. One. Sept. 3, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
MARY ANN FRISCIA, Defendant and Appellant.

**COUNSEL**

Michael R. Totaro, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Tricia Ann Bigelow and Olivia Rosales, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ORTEGA, J.**—We modify conditions of probation to strike the restitution order, and affirm the judgment as modified.

### BACKGROUND

Defendant pled guilty to embezzlement from her employer, a small preschool/kindergarten, owned by two partners, Bea Elliott and Linda Huss. At a hearing to determine restitution, the amount of the loss was set at over $47,000. Defendant's father, giving her an advance on her inheritance, paid

restitution of $48,743.50, which included attorney fees, bank fees, and the changing of locks at the school. This repayment is not an issue in this appeal.

The authorities had refused to prosecute the case until an accounting determined the amount of the loss. Elliott and Huss were unable to afford the fees of up to $150 per hour charged by an accountant, so they determined to do it themselves. With some advice from an accountant about the most common places to look, they spent 222.25 hours in an extensive search through their records before they were able to determine the exact amount defendant had embezzled.

The trial court put defendant on probation and ordered her to pay Elliott and Huss $11,112.50 for their time (at $50 per hour) spent putting the case together for the sheriff's department. Defendant was ordered to make minimum payments of $100 per month and stipulate to a civil judgment (not dischargeable in bankruptcy) for any amount left unpaid when the period of probation expired. This is the restitution order in issue.

While the considerable time spent on the accounting took away from Elliott's and Huss' duties at the school, there is no evidence in the record that it reduced their salary or profit. Elliott and Huss would estimate the receipts and take a monthly draw based on that assessment. During their testimony, there was no indication that this practice was interrupted during the accounting.

Defendant appeals, contending that compensation for the victims' time spent on the accounting cannot be the subject of a restitution order.

## DISCUSSION

Preliminarily, we reject defendant's contention that the "calculation at $50 an hour was excessive, vague, and unsupported by the record." We find nothing to indicate either the time spent or the hourly rate was anything other than reasonable under the circumstances. But, should Elliott and Huss choose to pursue the claim in a civil action, whether the hourly rate or total amount are justified will be determined there, not here.

Our resolution of the issue rests solely on a reading of the applicable statutory scheme.

■ " 'Trial courts are granted broad discretion under Penal Code section 1203.1 to prescribe conditions of probation. [Citation.] However, this discretion is not boundless; the authority is wholly statutory, and the statute

furnishes and limits the measure of authority which the court may exercise.' [Citation.]" (*People* v. *Hernandez* (1991) 226 Cal.App.3d 1374, 1378 [277 Cal.Rptr. 444].)

Penal Code section 1203.04[1] provides as follows: "(a) In every case where a person is convicted of a crime and is granted probation, the court shall require, as a condition of probation, that the person make restitution as follows: [¶] (1) To the victim, if the crime involved a victim. . . ."

"For purposes of paragraph (1) of subdivision (a), 'restitution' means full or partial payment for the value of stolen or damaged property, medical expenses, and wages or profits lost due to injury or to time spent as a witness or in assisting the police or prosecution, which losses were caused by the defendant as a result of committing the crime for which he or she was convicted. . . ." (§ 1203.04, subd. (d).)

Stripped of excess verbiage not applicable to this matter, the section provides that " 'restitution' means full or partial payment for . . . wages or profits lost due . . . to time spent as a witness or in assisting the police or prosecution[.]"

We need not, indeed may not, avail ourselves of the usual rules of statutory construction, such as legislative history and other aids to interpretation. ■ " 'When statutory language is . . . clear and unambiguous there is no need for construction, and *courts should not indulge in it.*' [Citation.] This rule is deeply rooted in our jurisprudence. [Citation.]" (*Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 800 [268 Cal.Rptr. 753, 789 P.2d 934], fn. omitted.)

■ Section 1203.04, subdivision (d) clearly limits restitution in our situation to wages or profits lost. The record contains no evidence that either Elliott or Huss suffered the loss of wages or ascertainable profits. Indeed, the only reasonable inference from the testimony at the probation hearing is that Elliott and Huss continued to take their monthly draw based on an estimate of receipts. ("Q How do you take your profit during the course of the year? [¶] A We set a certain amount of salary for Linda and I and if the school—if on a monthly basis the school can do that then that's how we take it. We will set that. [¶] Q So basically an estimate? [¶] A Yes, it has to be in that business with—[¶] Q What is your estimated amount of salary per week? [¶] We don't do it weekly. [¶] Q Monthly? [¶] A Monthly we usually have $2,500 per and then taxes and so forth is taken out.") Further testimony by way of an affirmative answer to the following, quoted from a question,

---

[1]All further statutory references are to the Penal Code.

showed "there's no bills or receipts or expenses other than your expended efforts . . . .")

The evidence thus fails to show the loss of wages or profits. While the expenditure of one's time is no small matter, the Legislature has failed to provide for compensation for such by way of a restitution order as a condition of probation.

Respondent cites cases, apparently for the proposition that section 1203.1 gives the trial court broader authority to impose restitution than the more narrowly drawn section 1203.04. "This section [1203.1] grants broad discretion to the trial courts to prescribe the conditions of probation. [Citations.] Section 1203.1 expressly allows the courts to '*provide for restitution in proper cases.*' The terms 'restitution' or 'reparation' alluded to in section 1203.1 have been judicially interpreted to mean 'reimbursement to the victims of crime for actual loss flowing from the charged offense or from related misconduct.' [Citations.] The court 'is not limited to the transactions or the amounts of which defendant is actually convicted.' [Citation.] Thus, 'restitution, as a valid condition of probation, need not be limited to the direct consequences of the criminal acts of which a defendant is actually convicted.' [Citations.]" (*People* v. *Baumann* (1985) 176 Cal.App.3d 67, 76 [222 Cal.Rptr. 32].)

In *Baumann,* the defendant was a bookkeeper for her employer and embezzled over $20,000. Under a plea bargain, she pled guilty to one of six counts and complained that the restitution should be limited to the amount covered by that count. The appellate court disagreed, citing the broad provisions of section 1203.1, and said restitution could be ordered for the entire loss, including that portion covered by dismissed counts. The restitution order in *Baumann* did not exceed that permitted by section 1203.04. The appellate court did not deal with the question of whether section 1203.1 gave the court power to order restitution beyond that called for by section 1203.04.

In *People* v. *Vournazos* (1988) 198 Cal.App.3d 948 [244 Cal.Rptr. 82], the defendant was found in possession of a stolen car. He pled guilty to receiving stolen property and a violation of Vehicle Code section 10851 (which does not necessarily establish that he stole the car). The defendant was ordered to make restitution covering damage to the car, items stolen from the car, and three days of wages lost by the victim. The defendant attacked the order, claiming there was insufficient evidence of a connection between his actions and the losses suffered by the victim. The appellate court disagreed, but remanded for a hearing because there was insufficient

evidence of the value of the claimed losses. The opinion gives an expansive view of section 1203.1, as does *Baumann*, but does not discuss whether the statute's restitution power goes beyond that given by section 1203.04. As in *Baumann*, the restitution order did not run afoul of section 1203.04 because, whatever the value, the claimed losses were actually incurred by the victim.

The defendant in *People* v. *Baker* (1974) 39 Cal.App.3d 550 [113 Cal.Rptr. 248], was a physician who violated the Health and Safety Code by inappropriately prescribing narcotics. As a condition of probation, he was ordered to pay the government $90,000 as "reparation" for the costs of prosecution. The appellate court reversed the reparation order, holding that while the "courts interpret the term *reparation* in section 1203.1 to mean reimbursement to the victims of crime for actual loss flowing from the charged offense or from related misconduct[,]" the term "does not include the general costs of prosecuting and rehabilitating criminals." (*Id.* at p. 559.) Again, while the general language may be broad, the opinion does not hold that section 1203.1 gives the trial court the ability to expand the restitution provisions of section 1203.04. To the contrary, section 1203.1's grant of the statutory power to impose "other reasonable conditions" of probation did not permit imposition of the reparation order not otherwise permitted by statute.

In any event, the trial court here did not purport to use the provisions of section 1203.1 to broaden its restitution power. ("I cannot order restitution under 1203.1 if I'm funding a victim.") The trial court made it plain it was imposing the restitution under the provisions of section 1203.04, subdivision (d). ("With the exception of the legal cause stated by the agreement with the court's analysis of the restitution statute as it relates to funding a victim for services rendered in assisting the police department in this case, some $11,112.50, is there any other legal reason we can't impose sentence at this time?")

We do not imply that criminals should not be held responsible for all the consequences of their acts. But that is a debate we have no power to resolve; the Legislature did not give trial courts the ability to reimburse victims for what amounts to civil damages. " 'Disposing of civil liability cannot be a function of restitution in a criminal case. To begin with, the criminal justice system is essentially incapable of determining that a defendant is in fact civilly liable, and if so, to what extent. . . . A party sued civilly has important due process rights, including appropriate pleadings, discovery, and a right to a trial by jury on the specific issues of liability and damages. The judge in the criminal trial should not be permitted to emasculate those rights

by simply declaring his belief that the defendant owes a sum of money.' [Citations.]" (*People* v. *Hernandez, supra,* 226 Cal.App.3d 1374, 1379.)[2]

### DISPOSITION

The judgment is modified to strike the $11,112.50 restitution order. As modified, the judgment (order granting probation) is affirmed.

Spencer, P. J., and Vogel (Miriam A.), J., concurred.

A petition for a rehearing was denied September 23, 1993, and respondent's petition for review by the Supreme Court was denied December 2, 1993.

---

[2]Our conclusion is buttressed by the fact that, when the Legislature wanted to permit restitution for other types of crime-related losses or injuries, it enacted specific statutes authorizing such restitution. (See, e.g., §§ 243, subd. (e)(2); 262, subd. (c)(2); 273.5, subd. (h)(2); 273.6, subd. (h)(2); 1203.lg (permitting restitution condition requiring probationer to pay counseling costs for domestic violence and child abuse victims.)