[No. A067115. First Dist., Div. Three. June 29, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
PHILIP CHARLES TUCKER, Defendant and Appellant.

**COUNSEL**

Julie Schumer, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General,

Ronald S. Matthias and Sharon Rosen Leib, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

PARRILLI, J.—In this action we consider whether, pursuant to Penal Code[1] former section 1203.04, a criminal defendant may be ordered to pay as restitution to the victim the appreciated value of assets he embezzled from a trust account. We conclude such an order is authorized by law.

### FACTS AND PROCEDURAL HISTORY

Defendant Philip Charles Tucker was a licensed investment broker and stepfather of the victim, Damon Keith Henry. Henry has had cerebral palsy since birth and received a large financial settlement regarding his disability.

In 1988 defendant opened a trust account for Henry with SIFE Investment Fund, a mutual fund. He deposited $8,000 into the account. In January of 1989 defendant made two withdrawals totaling $7,340 from the trust account. The first withdrawal of $2,400 was made on January 4; the second withdrawal of $4,940 was made on January 31. Henry and his mother did not learn of the withdrawals until January of 1993.

On February 3, 1994, defendant pled no contest to one count of embezzlement by a trustee (§ 506) and two counts of forgery (§ 470). At the restitution hearing, the vice-president of SIFE Trust Funds testified concerning the value of the January 1989 withdrawals, had the money remained in the trust account. The withdrawal of $2,400 on January 4, 1989, would have increased in value by 109.47 percent, or would have been worth $5,207.28 on January 31, 1994; the January 31, 1989, withdrawal of $4,940 would have increased by 99.75 percent, or would be worth $9,867.65 on January 31, 1994. Thus, had neither withdrawal been made, Henry's account would have a value of $14,894.93. The court ordered that defendant make restitution to Henry in this amount as a condition of probation.

### DISCUSSION

At all relevant times, former section 1203.04 provided in pertinent part: "(a) In every case where a person is convicted of a crime and is granted probation, the court shall require, as a condition of probation, that the person make restitution as follows: (1) To the victim, if the crime involved a

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

victim. . . . [¶] . . . [¶] (d) For purposes of paragraph (1) of subdivision (a), 'restitution' means full or partial payment for the value of stolen or damaged property, . . . The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible."[2] The statute is silent as to the date upon which the "replacement cost" should be determined.

Pursuant to section 1203.1, subdivision (j), the court may impose "any or all [reasonable probation conditions] as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer, . . ."

■ Section 1203 et seq. grants trial courts broad discretion in determining the conditions of probation. (*People* v. *Richards* (1976) 17 Cal.3d 614, 619 [131 Cal.Rptr. 537, 552 P.2d 97]; *People* v. *Goulart* (1990) 224 Cal.App.3d 71, 78 [273 Cal.Rptr. 477].) The court's determination of such conditions will not be reversed on appeal unless the condition "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." (*People* v. *Dominguez* (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290]; see also *People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545]; *People* v. *Foster* (1993) 14 Cal.App.4th 939, 950 [18 Cal.Rptr.2d 1].)

■ Defendant contends the restitution order in this case violates the rehabilitative purpose it is supposed to serve and amounts to an improper award of civil damages. The argument is based on certain language in *People* v. *Foster*, *supra*, 14 Cal.App.4th at page 950, which contrasts the purpose of section 1203 et seq. with that of Government Code section 13967, and reliance on case law inapposite to the case at bench.

■ As defendant points out, a valid condition of probation must serve one of the purposes enunciated in section 1203.1. (*People* v. *Clark* (1982)

---

[2]In 1994 the Legislature passed emergency legislation which immediately amended section 1203.04. (Stats. 1994, ch. 1106.) Section 1203.04, subdivision (a)(1) now provides: "It is the intent of the Legislature that a victim of crime who incurs any economic loss as a result of the commission of a crime shall receive restitution directly from any defendant convicted of that crime." Subdivision (d) now provides in relevant part: "Restitution shall, to the extent possible, be of a dollar amount that is sufficient to fully reimburse all persons, for all determined economic losses incurred as the result of the defendant's criminal conduct, including all of the following: [¶] (1) Full or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be the replacement cost of like property, . . ."

130 Cal.App.3d 371, 385 [181 Cal.Rptr. 682].) One purpose of the statute is that "amends be made to society for the breach of the law, for any injury done to any person resulting from that breach, . . ." (§ 1203.1, subd. (j).) "While restitution serves the obvious function of compensating crime victims, its primary goal is the rehabilitation of the criminal. [Citations.]" (*People* v. *Goulart, supra,* 224 Cal.App.3d at pp. 78-79.)

■ Defendant cites *People* v. *Richards, supra,* 17 Cal.3d at page 620; *People* v. *Friscia* (1993) 18 Cal.App.4th 834 [22 Cal.Rptr.2d 656], *People* v. *Goulart, supra,* 224 Cal.App.3d at page 82; and *People* v. *Clark, supra,* 130 Cal.App.3d at page 385, for the proposition that the purpose of restitution is not to resolve civil liability. We agree with this general proposition, but find it did not occur in this case.

In *Richards,* the defendant was charged with two counts of grand theft based on separate transactions. A jury convicted him of one count, but acquitted him of the other. Nevertheless, the trial court granted the defendant probation on condition he pay restitution to the victim of the offense of which he was acquitted. The Supreme Court reversed the order admitting the defendant to probation on these terms. It found the criminal justice system is incapable of determining civil liability; a trial court cannot properly conclude that the defendant owes money to a third party for unproved crimes or conduct. (*People* v. *Richards, supra,* 17 Cal.3d at p. 620.)

In *Friscia,* the defendant pled guilty to embezzlement from her employer, a school owned by two partners. Unable to afford an accountant, the partners performed an accounting to determine the amount of loss and charged $50 per hour for their time. While a considerable amount of time was expended on the accounting, there was no evidence that it reduced their salary or profit. On appeal the court reversed the award of compensation for the victims' time spent on the accounting. The court held that section 1203.04, subdivision (d) limits restitution to wages or profits lost due to time spent in assisting the prosecution. The record contained no evidence that wages or profits were lost. Therefore, compensation for the time spent in making an accounting was improper. (*People* v. *Friscia, supra,* 18 Cal.App.4th at pp. 837-838.)

In *Goulart,* the defendant pled guilty to one count of interfering with or obstructing an electrical line, and eight additional counts were dismissed. At the restitution hearing he was ordered to pay the gas and electric company $42,596.50 in restitution. The defendant challenged the validity of the restitution order as a condition of probation. The Court of Appeal affirmed, holding that a court may consider crimes which were charged but dismissed. (*People* v. *Goulart, supra,* 224 Cal.App.3d at p. 79.)

Finally, in *Clark,* the defendant was found guilty of involuntary manslaughter, placed on probation and ordered to pay $100 per month to the children of the victim throughout the five-year probation period. The appellate court affirmed the restitution order, finding the children were "victims" of the crime for purposes of restitution within the meaning of section 1203.1. (*People* v. *Clark, supra,* 130 Cal.App.3d at p. 386.)

In the present case, the vice-president of SIFE presented evidence of what Henry's shares would have been worth absent embezzlement by defendant. Pursuant to former section 1203.04, subdivision (d), the testimony reflected the "replacement cost of like property." It did not constitute a civil adjudication of Henry's loss.

Defendant complains that restitution in the amount of the current value of the SIFE shares amounts to a windfall the victim would not have received in a civil action. Relying on *Krueger* v. *Bank of America* (1983) 145 Cal.App.3d 204, 215 [193 Cal.Rptr. 322], and *Schneider* v. *Union Oil Co.* (1970) 6 Cal.App.3d 987, 993 [86 Cal.Rptr. 315], defendant maintains that the usual measure of damages for conversion in a civil action is the value of the property at the time of conversion, plus interest. He implies restitution should have been based on this measure of damages. The simple response is that this is not a civil action and the amount of restitution awarded is based on section 1203.04.

Alternatively, defendant argues the application of "replacement cost of like property" referred to in section 1203.04, subdivision (d), results in inconsistent restitution awards. For instance, if the SIFE shares had depreciated, the replacement cost of the shares would be less than the value of the property taken. The argument ignores the fact that the trial court is vested with broad discretion in setting the amount of restitution; it may " 'use any rational method of fixing the amount of restitution which is reasonably calculated to make the victim whole . . . .' " (*People* v. *Goulart, supra,* 224 Cal.App.3d at p. 83, quoting *In re Brian S.* (1982) 130 Cal.App.3d 523, 531 [181 Cal.Rptr. 778].) Consequently, had Henry's trust fund depreciated, the court could still order restitution in the amount that was taken from the account.

Finally, defendant acknowledges the trial court correctly concluded it had no jurisdiction to award restitution until defendant was placed on probation. However, defendant submits it was illogical to base the restitution award on the current market value of the SIFE shares at that time. We find the amount of the award completely logical. If a purpose of restitution is to make the victim whole, the court must consider the victim's situation had the crime not occurred at the time it makes its order.

## Disposition

The judgment is affirmed.

Merrill, Acting P. J., and Corrigan, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 5, 1995.