[No. B161484. Second Dist., Div. Six. Apr. 23, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
SANTOSH KUMAR MAHESHWARI, Defendant and Appellant.

## COUNSEL

Randy S. Kravis for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, William T. Harter, Robert F. Katz, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**COFFEE, J.**—Appellant Santosh Kumar Maheshwari embezzled over $300,000 from G.T. Tire and Wheel Company, Inc. The owner filed a civil action against appellant and prevailed. A criminal prosecution followed and appellant was convicted, sentenced to state prison and ordered to pay direct victim restitution. The restitution order included $166,751.52 in attorney fees and private investigator's fees incurred by the owner in the civil action. Appellant argues that the fees were not properly the subject of a restitution order. We disagree and affirm.

## FACTS

Gary Toussanian owned G.T. Tire and Wheel Company, Inc., and had employed appellant as his bookkeeper for 15 years. Eight years into their business relationship, appellant began embezzling funds. During the next seven years he embezzled over $300,000 from Toussanian and also filed false personal tax returns.

When Toussanian discovered the extent of his loss, he filed a conversion action against appellant and prevailed. According to the probation report, he received a judgment of approximately $600,000.[1] The judgment included $41,751.52 in private investigator's fees. Although he had also incurred $125,000 in attorney fees pursuant to a contingency agreement with his counsel, those fees were not recoverable in the civil action. Toussanian has been unable to collect any part of the judgment.

A criminal action was subsequently instituted against appellant. He waived his right to jury trial, entered a guilty plea to one count of grand theft of personal property (Pen. Code, § 487, subd. (a))[2] and admitted the allegation that the value of the property taken exceeded $150,000. (§ 12022.6, subd. (a)(2).) He also pleaded guilty to three counts of filing a false tax return. (Rev. & Tax. Code, § 19705, subd. (a)(1).) The trial court imposed a sentence of four years and eight months in state prison.

Appellant was ordered to pay direct victim restitution of $694,185.66. The fines included payment of $496,271.31 to Toussanian; $12,339 for insufficient fund charges; $18,823.83 to the Franchise Tax Board; $41,751.52 for private investigative services; and $125,000 in attorney fees. Appellant was given credit for $38,000 already paid.

Prior to the court's imposition of sentence, defense counsel argued that the order of restitution should not include the $41,751.52 in private investigator fees and $125,000 in attorney fees. Counsel from the civil case was present at the sentencing hearing and stated that his 25 percent contingency fee agreement was reasonable. The trial court concluded that the costs of investigation and payment of attorney fees were permitted under the restitution statute (§ 1202.4) and the civil investigation "formed the basis" for the criminal investigation. The court ordered that any payments made to

---

[1] Toussanian was awarded $371,271.31 plus prejudgment interest of $149,360.69 and punitive damages of $100,000.

[2] All further references are to the Penal Code unless otherwise stated.

Toussanian through bankruptcy or any other source were to be offset against the award of restitution to avoid a double recovery.

DISCUSSION

 Appellant challenges $166,751.52 of the restitution award, which represents attorney fees and private investigator's fees. He argues that Toussanian was required to have used the public prosecutors and investigative agencies to recover the embezzled funds, rather than bringing a civil action. He also claims that the restitution award is a civil disposition of damages and thus outside the scope of the section 1202.4.

The California Constitution provides, "It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer." (Cal. Const., art. I, § 28, subd. (b).) The court must order direct victim restitution in "every case in which a victim has suffered economic loss as a result of the defendant's conduct." (§ 1202.4, subd. (f); see also § 1202.4, subd. (a)(1).)

The restitution order "shall be of a dollar amount sufficient to fully reimburse the victim" for economic losses caused by the defendant's criminal conduct. (§ 1202.4, subd. (f)(3).) Economic loss·includes "Actual and reasonable attorney's fees and other costs of collection accrued by a private entity on behalf of the victim." (*Id.*, subd. (f)(3)(H).) Recoverable attorney fees have included those incurred to obtain a settlement from a defendant's insurer (*People v. Pinedo* (1998) 60 Cal.App.4th 1403, 1405-1406 [71 Cal.Rptr.2d 151]) and fees incurred to prevent the sale of a defendant's assets. (*People v. Lyon* (1996) 49 Cal.App.4th 1521, 1525 [57 Cal.Rptr.2d 415].) We review a restitution order for an abuse of discretion and will not disturb the trial court's determination unless it is arbitrary, capricious and exceeds the bounds of reason. (*People v. Hove* (1999) 76 Cal.App.4th 1266, 1275 [91 Cal.Rptr.2d 128]; see *People v. Carbajal* (1995) 10 Cal.4th 1114, 1121 [43 Cal.Rptr.2d 681, 899 P.2d 67].)

 Here, Tousanian's economic loss included the funds embezzled as well as the fees and costs incurred to recover those funds. Recovery of "reasonable attorney's fees and other costs of collection" necessarily included the cost of the investigation to determine the extent of Toussanian's loss. Without evidence of embezzlement Toussanian could not have maintained a civil action to recover his damages. Both the investigation and

resulting civil action were "proper, necessary, and a logical result of appellant's criminal conduct." (*People v. Lyon, supra,* 49 Cal.App.4th at p. 1525.) Under these circumstances, to deny Toussanian the cost of investigative fees is to fail to fully reimburse him for his economic loss. Appellant cites no authority for the proposition that Toussanian was required to rely on a public agency for recovery.

Appellant next argues that the order of restitution fell outside the purview of section 1202.4 because it amounted to a civil disposition of damages. He relies on *People v. Friscia* (1993) 18 Cal.App.4th 834 [22 Cal.Rptr.2d 656], which concerned embezzlement by an employee of a preschool. The owners of the school prepared an accounting to determine the amount of the loss. They valued their time at $50 per hour and requested restitution for over 200 hours spent searching their records. The court, applying the former restitution statute, section 1203.04, concluded that compensation for the teachers' time did not constitute lost wages and could not be the subject of a restitution order.[3] (*Friscia,* at p. 837.)

*Friscia* is inapposite. It concerned a different restitution statute and addressed whether the time expended by the teachers constituted lost wages and profits under the language of that statute. (*People v. Friscia, supra,* 18 Cal.App.4th at pp. 836-838.) By contrast, the issue before us is the application of section 1202.4 which expressly authorizes restitution for the costs of collection.

Appellant also contends that Toussanian received a windfall because the trial court had included the investigator's fees in the civil judgment. We disagree. There is no indication that Toussanian collected any part of the civil judgment. Moreover, the statute provides that restitution collected will be credited against a civil judgment for losses arising from the same offense. (§ 1202.4, subd. (j); see *People v. Bernal* (2002) 101 Cal.App.4th 155, 162-163, 168 [123 Cal.Rptr.2d 622].)

---

[3]When *People v. Friscia, supra,* 18 Cal.App.4th 834, was decided, former Penal Code section 1203.04 read: " '(a) In every case where a person is convicted of a crime and is granted probation, the court shall require, as a condition of probation, that the person make restitution as follows: [¶] (1) To the victim, if the crime involved a victim. . . . [¶] . . . [¶] (d) *For purposes of paragraph (1) of subdivision (a), "restitution" means full or partial payment for the value of stolen or damaged property, medical expenses, and wages or profits lost* due to injury or to time spent as a witness or in assisting the police or prosecution, which losses were caused by the defendant as a result of committing the crime for which he or she was convicted. . . .' " (*In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1135, fn. 6 [123 Cal.Rptr.2d 316].)

Both the attorney fees and private investigator's fees constituted economic losses incurred by Toussanian as a result of appellant's conduct. Both were properly the subject of a restitution order.

The judgment is affirmed.

Gilbert, P. J., and Yegan, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 23, 2003. Brown, J., did not participate therein.