Filed 3/19/14  P. v. Thomson CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>PHILIP STUART THOMSON,<br><br>     Defendant and Appellant. | B246367<br><br>(Los Angeles County<br>Super. Ct. No. YA085110) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Thomas R. Sokolov, Judge.  Affirmed.

Burton C. Jacobson for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Philip Stuart Thomson pled no contest to one count of theft of services (electrical) over $950 (Pen. Code, § 489, subd. (b)), and one count of possession of a controlled substance (methamphetamine) (Health & Safety Code, § 11377, subd. (a)).  He was placed on probation for a period of three years.  Appellant was ordered to pay the victim, Southern California Edison, restitution in the amount of $5,481.71 ($5,000 in stolen electricity plus $481.71 in investigative costs).

Appellant's sole contention on appeal is that "there was no basis for the court to make a finding that restitution should be $5,481.71; or any sum at all."  We disagree and affirm.

## BACKGROUND

At the contested restitution hearing, the prosecution presented the testimony of Craig Ashley (Ashley), an investigator for Southern California Edison, who testified that the electrical power to appellant's house was disconnected on August 18, 2011 for nonpayment of bills.  On July 3, 2012, in connection with an unrelated police investigation, another investigator with Southern California Edison discovered that appellant had been stealing electricity from a neighbor's house by attaching a bypass device to the power line.  Because appellant tapped into the power line before it reached an electrical meter, there was no way to notice an increase in power usage at the neighbor's residence.

Southern California Edison estimated the amount of stolen power based on appellant's previous usage, called a daily average, multiplied by the 320 days between August 18, 2011, and July 3, 2012, which totaled $5,216.21.[1]  Ashley testified that the average customer uses the same amount of power every month.  On cross-examination, Ashley admitted that Southern California Edison did not know the exact date appellant began tapping his neighbor's power line.

---

[1]     Ashley referred to a daily average of $60.48.  Appellant correctly notes that multiplying this amount by 320 days equals $19,353.60.  This is almost four times the amount Southern California Edison sought to recover as restitution.  As the People note, "the more likely explanation is that appellant received the benefit of the doubt and a lower daily consumption was used to determine the restitution owed."

Appellant testified that he only tapped into his neighbor's line for approximately three months. The trial court found Ashley to be an "honest witness" and found "some question on the credibility" of appellant.

## DISCUSSION

### I. Standard of Review

"We review a restitution order for an abuse of discretion and will not disturb the trial court's determination unless it is arbitrary, capricious and exceeds the bounds of reason." (*People v. Maheshwari* (2003) 107 Cal.App.4th 1406, 1409.) The trial court must use a rational method that could reasonably be said to make the victim whole. (*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172; *People v. Mearns* (2002) 97 Cal.App.4th 493, 498.) The standard of proof at a restitution hearing is by a preponderance of the evidence, not proof beyond a reasonable doubt. (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045.)

### II. No Abuse of Discretion

The trial court did not abuse its discretion in setting the amount of restitution because it used a rational basis. Ashley testified that the amount of the stolen power's value was based on appellant's past power usage measured from the time appellant stopped obtaining power legally. Ashley testified that the average customer uses about the same amount of power every month. Therefore, it was not unreasonable to apply this presumption to appellant.

Appellant focuses on the fact that Southern California Edison did not know exactly when he started stealing electricity. While this may be true based on the nature of appellant's crime, it does not follow that he owes no restitution, as he claims. An almost identical argument was rejected in *People v. Phu* (2009) 179 Cal.App.4th 280. There, as here, the power company could not determine the exact date the defendant began stealing power from a neighbor. The reviewing court concluded that the trial court correctly based its restitution award on the earliest possible date the theft began, because doing otherwise "almost certainly would have resulted in a restitution award that would fall short of fully compensating the victim for the losses suffered," and that "[s]electing the

3

earlier date was the best guarantee that the victim would receive full compensation." (*Id*. at p. 284.)  Likewise, the trial court here reasonably started the measure of loss from the date appellant stopped lawfully buying electricity.  Selecting a later date would allow appellant to profit from the uncertainty generated by his own criminality.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
              ASHMANN-GERST


We concur:


_____, J.
          CHAVEZ


_____, J.[*]
          FERNS

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.