Filed 8/18/16  P. v. Schauman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C078274 |
| Plaintiff and Respondent, | (Super. Ct. No. 11-F-02854) |
| v. | |
| LENNART CHRISTIAN SCHAUMAN, | |
| Defendant and Appellant. | |

Defendant Lennart Christian Schauman was convicted of battery with serious bodily injury after he punched Adam Martinez, who fell to the ground, hit his head, and later died from the impact injury.  As part of the victim-restitution order, the trial court included costs and attorney fees incurred by the parents in their civil action against defendant, which civil action resulted in a settlement for the limit of defendant's homeowner's insurance policy.

1

On appeal from the restitution order, defendant contends that the trial court should not have included the costs and attorney fees from the civil litigation because: (1) the civil settlement included a clause requiring the parents to hold harmless and indemnify defendant and his insurance company for any claim for costs and attorney fees, (2) the court improperly used the amount of the contingency fee rather than applying the lodestar method, (3) the parents were estopped from claiming costs and attorney fees, and (4) the inclusion of costs and attorney fees in the restitution order unconstitutionally impaired the contract between defendant and the parents.

None of these contentions has merit.

The provision of the civil settlement in which the parents agreed to hold harmless and indemnify defendant and his insurance company does not supersede the trial court's duty to impose restitution for economic damages.

Inclusion in the restitution order of the contingency fee paid by the parents, rather than a fee determined using the lodestar method, was proper because restitution is for actual economic damages.

Defendant's estoppel claim does not apply in this action which does not include the parents as a party.

And inclusion in the restitution order of costs and attorney fees did not unconstitutionally impair the civil settlement between defendant and the parents because the order protects the vital interests of the state.

BACKGROUND

In a prior appeal, we affirmed defendant's conviction for battery with serious bodily injury. (*People v. Schauman* (Oct. 3, 2013, C070009) [nonpub. opn.].) On January 26, 2012, the trial court entered a victim restitution order totaling $387,514.11, covering various items of economic loss to the estate of the victim (mostly costs owed to

2

medical providers for the deceased's care) and to his parents Jane Heinan and Joe Martinez.[1]

After the trial court entered the order for victim restitution, the parents filed an action against defendant and the nightclub where the incident took place.[2] Defendant's insurer Allstate Insurance Company agreed to settle the case for the limit of defendant's policy—$100,000. In connection with the settlement, various medical providers agreed to accept a fraction of their bills as payment in full. The parents received $15,082.72 each. The firm representing the parents collected $3,997.97 in costs advanced and $33,333.33 under the firm's contingency fee agreement with the parents.

As part of the settlement, the parents agreed to release all claims against defendant and Allstate. They also agreed to a clause holding harmless and agreeing to indemnify defendant and Allstate for costs and attorney fees.[3]

After the settlement of the civil litigation, the parents filed a motion in this criminal action to modify the victim restitution order. (See §§ 1202.4, subd. (f)(1), 1202.46 [allowing victim to file motion to correct restitution order].) The parents were represented by two different law firms in their civil case against defendant and in their

---

[1]     In the remainder of this opinion, we refer to Heinan and Martinez collectively as "the parents," and for simplicity we refer to their actions collectively even though at times they acted separately, because referring to them as such does not affect the reasoning or result.

[2]     Defendant acknowledges that whether the parents are acting on their own behalf or on behalf of the estate is immaterial to these proceedings. We therefore make no distinction in that regard.

[3]     The clause provided: "In consideration of the payment of the above sum, the undersigned[] agree to indemnify LENNART CHRISTIAN SCHAUMAN and Allstate Insurance Company . . . and agrees to hold the same harmless against any claim, suit, action or demand asserting a lien against said sum, settlement or recovery, including the expenses of investigation, attorney's fees, and other costs of litigation."

motion to modify restitution. Among other requests, the motion to modify sought a restitution order reflecting the amount of costs and attorney fees incurred, totaling $37,331.30.

After a hearing, the trial court granted the motion to modify the restitution order. The only part of the modification relevant to this appeal is that the court added to the amount of restitution $37,331.30, representing the costs and attorney fees incurred in the civil litigation.[4]

DISCUSSION

I

*Civil Settlement and Criminal Restitution*

Contrary to defendant's argument, the trial court did not err by including the costs and attorney fees from the civil litigation in the restitution order, even if the civil settlement contained a hold harmless and indemnity clause relating to costs and attorney fees. The trial court's duty is to order restitution for economic losses, including the amount of costs and attorney fees incurred in the victim's civil suit.

Victims have a constitutional right to restitution. "It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer." (Cal. Const., art. I, § 28, subd. (b)(13)(A).) "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (Pen. Code, §

---

[4] Incidentally, the modification included a drastic reduction of the restitution order (by more than $300,000) because the parents successfully negotiated with the deceased's medical providers to accept pennies on the dollar in settlement of their bills.

1202.4, subd. (f).)  A trial court cannot stray from the mandate of full restitution, and civil settlement and release of a victim's claim for damages against the defendant does not eliminate the court's duty to determine and impose a full restitution order.  (*People v. Bernal* (2002) 101 Cal.App.4th 155, 164-165 (*Bernal*).)

Economic loss for which the victim may receive restitution includes "[a]ctual and reasonable attorney's fees and other costs of collection accrued by a private entity on behalf of the victim."  (Pen. Code, § 1202.4, subd. (f)(3)(H).)  And "[d]etermination of the amount of restitution ordered pursuant to [Penal Code section 1202.4, subdivision (f)] shall not be affected by the indemnification or subrogation rights of a third party."  (Pen. Code, § 1202.4, subd. (f)(2).)  The trial court must include in the restitution order the victim's actual and reasonable costs and attorney fees incurred to obtain a settlement with the defendant.  (*People v. Maheshwari* (2003) 107 Cal.App.4th 1406, 1409.)

There is no dispute here that costs and attorney fees are an economic loss.  Instead, defendant claims that he should benefit from the parents' payment of costs and attorney fees to their own attorney.  Neither defendant's reasoning nor his precedential offerings persuades us.

Defendant notes that, in *Bernal*, the court determined that payments to a victim on behalf of the defendant's insurance company constituted restitution payment directly from the defendant for the purpose of determining whether restitution had been provided.  (*Bernal, supra,* 101 Cal.App.4th at pp. 167-168.)  Citing *Bernal*, defendant asserts that the settlement payment of $100,000 from Allstate to the parents "implicitly included payment of [the] attorney fees."  Defendant argues:  "The economic reality of the settlement agreement was that payment was made on behalf of [defendant] by Allstate Insurance which included a sum for attorney fees and costs.  This Court should recognize the economic reality of that transaction."  That is not self-evident to us.  The parents settled for defendant's policy limit.  While it is true that their contingency fee agreement with their attorney resulted in payment of attorney fees out of the settlement, it is not true

that either defendant or Allstate paid those attorney fees. To the contrary, the settlement agreement did not expressly require either defendant or Allstate to pay for the parents' attorney fees, and the fact that the parents actually paid the attorney fees out of the settlement amount they were entitled to receive is between them and their attorney.

Defendant also claims that we must honor the hold harmless and indemnity clause by reversing the restitution order to the extent it included costs and attorney fees from the civil action because the parents' request for costs and attorney fees "puts [them] in breach of the civil settlement agreement." This is simply a request for the court to ignore its statutory and constitutional duty because of a private agreement. It fails.

The victim of a crime is not a party to the criminal action. While a victim may be willing to accept a sum in settlement of the victim's civil claim against the defendant, the court still has a duty to impose a restitution order. (*People v. Vasquez* (2010) 190 Cal.App.4th 1126, 1133.) "Just as a restitution order does not fully replicate a civil judgment, so too the judgment obtained in a civil action does not completely satisfy the purpose of an order of restitution entered in a criminal case. In addition to compensating the victim, a restitution order is intended to rehabilitate the defendant and to deter the defendant and others from future crimes. [Citations.]" (*Ibid*.) "Because of the separate interests at stake and different purposes served by a restitution order and a civil action for damages by the crime victim, as well as the different categories of damages recoverable in the two proceedings, the settlement of a civil action and release of the defendant by the crime victim does not discharge the defendant's responsibility to satisfy the restitution order." (*Ibid*., fn. omitted.)

Here, the trial court had a statutory and constitutional duty to impose a restitution order accounting for economic losses caused by defendant's actions. The court fulfilled that duty when it included costs and attorney fees from the civil action in the restitution order.

6

## II

### *Lodestar Method*

Defendant argues that, instead of using the actual amount of the attorney fees incurred in the civil action, the trial court should have used the lodestar method of determining what a reasonable attorney fee was and awarded that amount. We need not explain this argument further because, as defendant acknowledges, we already rejected it in *People v. Taylor* (2011) 197 Cal.App.4th 757, at pages 761 to 764. (Cf. *People v. Millard* (2009) 175 Cal.App.4th 7 [contrary view].)

## III

### *Estoppel*

Defendant contends that the parents should be estopped from seeking costs and attorney fees.[5] As should already be apparent from our discussion above, defendant cannot assert that the victim is estopped in this criminal proceeding in which the victim is not a party. Defendant argues, however, that we should ignore that problem with his argument because (1) the parents initiated the request to include costs and attorney fees in the restitution order and (2) the parents already bargained away their claim for costs and attorney fees. Not surprisingly, defendant offers no authority for this argument that estoppel against the victim should prevent the trial court from entering a proper order for restitution in a criminal proceeding. Logic and law dictate the contrary view. First, as noted, the victim is not a party to the criminal action. (*People v. Vasquez, supra,* 190 Cal.App.4th at p. 1133.) And second, considering an equitable doctrine such as estoppel between the defendant and a nonparty has nothing to do with determining what economic loss a defendant caused.

---

[5] The Attorney General argues that defendant forfeited this contention and the next contention (about unconstitutional impairment of an obligation). We need not consider forfeiture because the contentions are so easily dispensed with on legal grounds.

7

IV

*Impairment of Obligation*

Finally, defendant contends that nothing less than the United States and California Constitutions bar inclusion of costs and attorney fees in the restitution order. The contention is without merit because of the state's vital interest in victim restitution.

Under the United States Constitution, "[n]o state shall . . . pass any . . . law impairing the obligation of contracts." (U.S. Const., art. I, § 10.) And under the California Constitution, "[a] . . . law impairing the obligation of contracts may not be passed." (Cal. Const., art. 1, § 9.) We refer to these federal and state provisions together as the contract clause.

Even though the contract clause contains language absolutely prohibiting impairment of obligations in contracts, that prohibition must accommodate the state's power to protect the vital interests of its people. (*People v. Gipson* (2004) 117 Cal.App.4th 1065, 1069-1070.) And existing law is to be read into the contract. (*Ibid*.) Here, the law existing at the time defendant and the parents entered into the civil settlement agreement was that the trial court had a duty to impose restitution for economic losses, including for costs and attorney fees in a civil suit. And such restitution is a vital interest of the people of California. (See *People v. Giordano* (2007) 42 Cal.4th 644, 652.) Therefore, with respect to determining whether the restitution order violates the contract clause, the civil settlement agreement must be read to accommodate the trial court's duty to impose restitution.

DISPOSITION

The order modifying restitution is affirmed.


                                           NICHOLSON     , J.


We concur:


         BLEASE          , Acting P. J.


         HOCH            , J.