Filed 9/28/16  P. v. Chiswick CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL CHISWICK,<br><br>    Defendant and Appellant. | B263428<br><br>(Los Angeles County<br>Super. Ct. No. SA088055) |

APPEAL from an order of the Superior Court of Los Angeles County.  Elizabeth Munisoglu, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Daniel Chiswick (defendant) appeals from a restitution order, challenging that part of the order reimbursing the victim for part of the attorney fees incurred before and during law enforcement's investigation. Defendant contends that the award was not supported by substantial evidence nor authorized by statute, and the trial court abused its discretion in adding $1,000 to deter future criminality. As defendant's contentions are without merit, we affirm the judgment.

## BACKGROUND

Defendant was charged with felonious attempted extortion in violation of Penal Code section 524,[1] felony eavesdropping, in violation of section 632, subdivision (a), and misdemeanor making annoying telephone calls, in violation of section 653m, subdivision (b). Prior to the preliminary hearing defendant entered a plea of no contest to one count of attempted extortion. On September 8, 2014, the trial court placed defendant on three years of summary probation with specified conditions, including the payment of victim restitution. On April 3, 2015, after a hearing, the court ordered defendant to pay $15,658.39 in victim restitution. Defendant filed a timely notice of appeal from the order.

**The restitution hearing and order**

The victim, Mark Levine (Levine), who sought restitution in the amount of $29,484, submitted a declaration explaining his losses, which included lost wages, travel, private investigator's fees, and $18,000 in attorney fees. Levine declared that during the time defendant made extortion demands, defendant threatened and harassed him, causing Levine to retain attorney Troy Slaten (Slaten). After several law enforcement agencies were contacted and declined to investigate, Slaten was eventually able to obtain assistance through contacts in the Los Angeles Police Department. Levine then assisted the police in a "sting" operation which led to defendant's arrest and conviction.

Slaten appeared at the restitution hearing and presented his legal fees to the court. Slaten explained to the court that defendant had secretly recorded a confidential

---

[1]  All further statutory references are to the Penal Code unless indicated otherwise.

communication in which Levine revealed embarrassing personal information, which defendant later threatened to reveal to Levine's family and coworkers. Because Levine was frightened and about to take his company public, he wanted personal legal assistance. In addition, Levine did not know defendant, could not provide law enforcement with his name, and had only the telephone number from which defendant's threatening text messages originated. It was for this reason the police and the FBI had initially refused to investigate. Thus, when Levine retained Slaten, the latter hired a private investigator, located a Los Angeles police detective who agreed to open an investigation, and assisted the police in conducting a sting operation during which Levine was "wired" with video and audio recording devices.

After hearing argument of counsel the trial court took the matter under submission. Later the court issued a seven-page decision explaining the legal and factual basis for its award. The trial court found that the victim had made a prima facie showing of his losses and that defendant had not met his burden to produce evidence to the contrary. Although the court found that Levine had in fact paid $18,000 in attorney fees during the pre-investigation and investigation periods, it disallowed $14,000 of that sum, explaining that under the circumstances a reasonable sum was $4,000. The trial court was of the opinion that 10 hours was a reasonable time for the work Slaten described, and that a reasonable hourly rate was $300. It allowed an additional $1,000 "to serve as a further deterrent to future criminality," and added: "[T]he court finds that $4,000 in attorney's fees is reasonable for restitution purposes. The excess over that amount is unreasonable."

**DISCUSSION**

Defendant contends that the $4,000 attorney fee award was unsupported by substantial evidence and unauthorized by statute, and that the trial court abused its discretion in adding $1,000 to deter future criminality.

## I. Substantial evidence supported the award

"Restitution is constitutionally and statutorily mandated in California. [Citations.]" (*People v. Keichle*r (2005) 129 Cal.App.4th 1039, 1045 (*Keichler*); Cal.

3

Const., art. I, § 28; Pen. Code, § 1202.4.) Section 1202.4 provides in relevant part: "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim . . . or any other showing to the court. . . . The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so and states them on the record. . . ." (§ 1202.4, subd. (f).)

"'The burden is on the party seeking restitution to provide an adequate factual basis for the claim.' [Citation.]" (*People v. Jessee* (2013) 222 Cal.App.4th 501, 506, quoting *People v. Giordano* (2007) 42 Cal.4th 644, 664 (*Giordano*).) "'The standard of proof at a restitution hearing is preponderance of the evidence, not reasonable doubt.' [Citation.] Once the prosecution has made a prima facie showing of the victim's loss, 'the burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim.' [Citation.] [¶] On appeal, we review a restitution award for abuse of discretion. [Citations.] The award must be supported by sufficient evidence under the substantial evidence standard of review. [Citations.] 'We do not reweigh or reinterpret the evidence; rather, we determine whether there is sufficient evidence to support the inference drawn by the trier of fact.' [Citation.]" (*People v. Jessee*, at pp. 506-507.)

The court found that Levine had made a prima facie showing that he paid Slaten $18,000, and that defendant had not challenged that fact, leaving only the reasonableness of the amount paid in issue. Defendant contends that the attorney fee award was unsupported by substantial evidence because "no one presented a retainer agreement" or other evidence of counsel's "hourly rate, services rendered, the necessity for such services, and the nature of the services actually provided." Defendant concludes that there was *no* evidence that Levine incurred any legal fees.

Defendant cites no authority to support his suggestion that the evidence required to make a prima facie showing of payment of attorney fees must include a retainer agreement. "'[A] hearing to establish the amount of restitution does not require the

4

formalities of other phases of a criminal prosecution.  [Citation.]'" (*Keichler, supra*, 129 Cal.App.4th at p. 1048.)  As "[s]ection 1202.4 does not, by its terms, require any particular kind of proof," a victim's uncorroborated statement of losses is sufficient to make a prima facie showing of his or her loss.  (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1543-1544.)  Here, the victim submitted his declaration stating that he had incurred attorney fees of $18,000.

Moreover, defendant's contention that no retainer agreement was in evidence is false.  Slaten submitted a copy of the retainer agreement to the court and to defense counsel, requesting that it not be made part of the record, as it contained privileged material.  Defense counsel made no objection, and acknowledged that Slaten had given her a copy of the agreement.  The trial court reviewed it, returned it to counsel and described it in its decision as a straight fee agreement with no hourly component and not based on any contingency.  It is defendant's burden to affirmatively demonstrate error, which is not presumed from a silent record.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  As defendant agreed to the procedure and does not provide the exhibit or a settled statement, we presume that its contents supported the court's findings.  (See *People v. Stowell* (2003) 31 Cal.4th 1107, 1114-1115.)

In sum, Levine's declaration, the retainer agreement, and Slaten's representations were sufficient to shift the burden to defendant to demonstrate that Levine did not incur $18,000 in attorney fees.  Since defendant has failed to make such a showing, we thus reject defendant's contention that the award of $4,000 of that amount was unsupported by substantial evidence.

## II.  The award was authorized

Defendant contends that the award of attorney fees incurred during the pre-investigation and investigation periods was unauthorized under section 1202.4, subdivision (f)(3)(H).

Section 1202.4, subdivision (f)(3) provides in relevant part:  "To the extent possible, the restitution order . . . shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result

of the defendant's criminal conduct, including, but not limited to, all of the following: . . . ." Subdivision (f)(3) then enumerates a dozen types of losses in subparagraphs (A) through (L). The loss in subparagraph (H) is described as follows: "Actual and reasonable attorney's fees and other costs of collection accrued by a private entity on behalf of the victim."

Defendant argues that a victim may recover only those attorney fees incurred to collect restitution or preserve assets for restitution. Defendant cites cases illustrating the circumstances under which attorney fees are recoverable under section 1202.4, subdivision (f)(3)(H). (See, e.g., *People v. Fulton* (2003) 109 Cal.App.4th 876, 884 (*Fulton*) [fees incurred to collect economic damages]; *People v. Maheshwari* (2003) 107 Cal.App.4th 1406, 1409 [fees incurred by the victim in civil action].) Defendant quotes the following holding of *Fulton*: "[U]nder the plain meaning and express purpose of section 1202.4, subdivision (f)(3)(H), actual and reasonable attorney fees incurred by a victim as a result of the defendant's criminal conduct are recoverable as restitution, but they are limited to reasonable attorney fees incurred to collect restitution otherwise permitted under the statute." (*Fulton, supra*, at pp. 884-885.) Defendant construes this language as holding that any losses in the form of attorney fees are recoverable *only* as a cost of *collecting* restitution of other types of economic losses caused by the defendant's criminal conduct.

Defense counsel made a similar argument below, also citing *Fulton*. Rejecting the argument in its written decision, the trial court explained that *Fulton* and similar authorities were inapplicable because the court was not awarding the $4,000 in attorney fees pursuant to subparagraph (H) of section 1202.4, subdivision (f)(3). Noting that the listing of compensable economic losses in subdivision (f)(3), is prefaced by the words, "including, but not limited to," the trial court concluded that such language obliged it "to consider the attorney's fees claimed by the [v]ictim, even though they were not incurred as costs previously addressed in case law or implied in the statutory language." Also considering subparagraph (E), which lists wages or profits lost due to time spent in assisting the police, the court phrased the issue as follows: "whether the broad

6

Constitutional mandate for full victim restitution includes attorney's fees when the cost is voluntarily undertaken by a victim before any report of criminal conduct is presented to law enforcement and, if so, what standard of reasonableness should apply to those fees."

Turning to the question thus enunciated, the court found "that, given the victim's limited knowledge of the defendant's identity and his concern about the threats of extortion, retaining the assistance of an experienced criminal law attorney to assist in presenting the case to law enforcement was reasonably related to, indeed the direct result of, defendant's criminal conduct and thus properly recoverable as restitution. That it predated the official involvement of law enforcement can be construed as a realistic recognition of the finite resources of law enforcement and the possibility (as was initially the case) that the victim's complaint might not be pursued due to finite resources and competing priorities facing law enforcement."

We find the trial court's reasoning to be sound. "It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer." (Cal. Const., art. I, § 28, subd. (b)(13)(A).) Because a victim's right to restitution is constitutionally mandated, that right must be broadly and liberally construed. (*Keichler, supra*, 129 Cal.App.4th at p. 1045.) The language, "including, but not limited to" (the enumerated losses), in section 1202.4, subdivision (f)(3), allows the court to "compensate a victim for any economic loss which is proved to be the direct result of the defendant's criminal behavior, even if not specifically enumerated in the statute. [Citation.]" (*Keichler, supra*, at p. 1046.) Thus, the list of categories of compensable loss in section 1202.4, subdivision (f) is nonexclusive, and "[t]he only limitation the Legislature placed on victim restitution is that the loss must be an 'economic loss incurred as the result of the defendant's criminal conduct.' [Citations.]" (*People v. Crisler* (2008) 165 Cal.App.4th 1503, 1508; see also *Giordano, supra*, 42 Cal.4th at p. 656.)

Like the trial court, we conclude that subparagraph (H) of section 1202.4, subdivision (f)(3), is inapplicable here. And we reject defendant's attempt to read an

7

exclusion into in subdivision (f)(3)'s nonexclusive list of categories. Defendant's exclusion would create an anomalous rule permitting the recovery of attorney fees incurred to collect losses caused by the defendant's criminal conduct, but excluding restitution of the losses to be collected when they consist of attorney fees. As such a rule would contradict the constitutionally and statutorily mandated victim's right to restitution, the trial court was authorized to order the restitution of "every determined economic loss incurred as the result of the defendant's criminal conduct, including" losses consisting of attorney fees. (§ 1202.4, subd. (f)(3).)

### III. No abuse of discretion

Defendant contends that even if the trial court were authorized to award restitution in the form of attorney fees, it abused its discretion in adding $1,000 to the $3,000 which the court found reasonable based upon 10 hours at the rate of $300 per hour. He argues that the $1,000 was arbitrary and not reasonably calculated to make Levine whole for his economic losses, but instead gave him a windfall.

The trial court is afforded broad discretion in calculating an amount of victim restitution and abuses that discretion only where its ruling ""'falls outside the bounds of reason" under the applicable law and the relevant facts [citations].' [Citation.]" (*Giordano, supra*, 42 Cal.4th at pp. 663-664.) The trial court's discretion will be upheld where the court has "demonstrate[d] a rational basis for its award, and ensure[d] that the record is sufficient to permit meaningful review." (*Id* at p. 664.)

The trial court found Levine made a prima facie showing that he incurred $18,000 in attorney fees, and that defendant produced no evidence to refute that amount. The court nevertheless disallowed $14,000 of those fees. As the victim was reimbursed for just a fraction of his loss, he received no windfall.

Defendant also contends that Slaten received a windfall because the court awarded the attorney fees directly to him, contrary to the purpose of section 1202.4 to compensate victims of crime, not their attorneys. Defendant fails to cite to any evidence in the record to support this contention. Contrary to defendant's assertion, the final sentence of the court's order states: "Based on the foregoing analysis, the Court orders defendant to pay

8

restitution to the *Victim* in the amount of $15,658.39 ($29,658.39, less $14,000)." (Italics added.)

The trial court did not arbitrarily add $1,000 to the award. The court expressly added that sum pursuant to section 1203.1, which provides in relevant part that in granting probation, "[t]he court may impose . . . reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer . . . ." (§ 1203.1, subd. (j).) Under this provision, trial courts have "broad discretion to impose conditions to foster rehabilitation and to protect public safety." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) "California courts have long interpreted the trial courts' discretion to encompass the ordering of restitution as a condition of probation even when the loss was not necessarily caused by the criminal conduct underlying the conviction. . . . There is no requirement the restitution order be limited to the exact amount of the loss in which the defendant is actually found culpable, nor is there any requirement the order reflect the amount of damages that might be recoverable in a civil action. [Citation.]" (*Id.* at p. 1121.)

We are satisfied that the trial court had a rational basis for its award, and that it adequately explained its reasoning for the record. There was no abuse of discretion.

### DISPOSITION

The order awarding restitution is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
                                    CHAVEZ

We concur:

_____, P. J.
BOREN

_____, J.
HOFFSTADT

9